A94A0236, A94A0237. WATSON et al. v. MARSHALL et al.
(two cases).
(441 SE2d 427)

BIRDSONG, Presiding Judge.

The trial court denied summary judgment to defendant Department of Transportation (DOT) in James D. and Robin Ann Marshall's suit for damages arising when another driver drove the wrong way on I-85 in Troup County and collided with their vehicle. We granted this interlocutory appeal.

The collision occurred in heavy fog. Agnes Greathouse was on her way to work on I-85 and missed her usual exit. She decided to go to the next exit, and cross over I-85 and go back, but the next exit was Exit 5 which merges into I-185 southbound. She testified in deposition that she had never been this route before and did not see any signs telling her that she was exiting onto another interstate. Before her usual exit (Exit 4), there was a sign showing that Exit 5 leads to I-185. There was not a sign at the bottom of the ramp indicating that it leads onto I-185. She turned a "hard left," saw nothing to indicate she was going the wrong way on an interstate, and traveled five or ten minutes before she hit the Marshalls' car. The fog was so thick she did not see the Marshalls' car until it was on the hood of her truck; she could hardly see any signs except a sign that said "Columbus."

Appellees contend DOT was negligent in failing to put a sign at the end of the ramp indicating that the ramp fed onto I-185, and in failing to paint "channelizing" stripes, chevrons or yellow markings on the pavement between the merging interstate highways. They contend that if there had been such markings Ms. Greathouse would not have turned left across the pavement and onto I-185 southbound. Appellees also contend that the foreseeability of danger at this point was much greater than at an ordinary exit, and that to the unknowing or inexperienced eye this intersection looked exactly like an intersection of a two-lane access road permitting a left hand turn and access across the bridge, which is what Ms. Greathouse thought. DOT contends that Ms. Greathouse would have had to make a 180-degree turn to get off I-85 onto I-185 southbound, but appellees contend Ms.

Greathouse made a "hard left" turn as if turning onto a two-lane road, and if she was in the far right area of the ramp, she could have turned onto I-185 without making a 180-degree turn.

DOT produced evidence that between the point where Ms. Greathouse first entered I-85 and the ramp onto I-185 there are four signs showing this exit leads to I-185. DOT also produced expert testimony that the signage was adequate. Appellees produced expert opinion evidence that the signage was inadequate, and that although Ms. Greathouse's driving behavior was "far out," it was foreseeable at this dangerous exit. *Held*:

1. Judging the evidence in favor of appellees, as respondents, and giving them the benefit of every doubt and indulging every reasonable inference in their favor on DOT's motion for summary judgment (*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)), the evidence shows that Ms. Greathouse turned left off an exit into oncoming traffic on another interstate in fog so dense that she could not see or did not see the four signs showing that this exit led to another interstate. She turned in fog so dense she could not see appellees' vehicle until she hit it. Without seeing a sign advising that this road would lead her back to I-85 if she turned left, Ms. Greathouse turned left. In her deposition, she testified that she did not see any plastic bumps or reflectors on the pavement because she "really didn't pay it much attention. . . . I just know it was two lanes going that way, you know, and I just took on the right lane and went back."

Whether she turned "hard left" or 90 degrees left or 180 degrees left is beside the point, for she turned where there were no signs indicating that she could do so safely, and without knowing where she was going or what she was doing. It cannot be speculated that a "wrong way" sign would have helped her, for neither was there a sign saying she was going the right way, yet she took that road nevertheless. She did not see four signs indicating that Exit 5 leads onto I-185, so a jury cannot speculate that she would have seen any sign DOT could have posted. She concedes she "didn't pay it much attention." Nor can it be speculated that she would have seen painted chevrons or yellow markings in such dense fog or that such markings would have deterred her if she had seen them, for at the end of the ramp she tried to figure out where she was and although she saw no sign to tell her what this road was, she turned left on it. She proceeded onto a road heedless where it might lead, "figuring" that it would lead her back onto I-85. A cardinal rule known by all reasonable drivers is that one turns onto a road leading on or off an interstate highway with caution, and only when one has reasonably ascertained that the road is not a wrong-way road. Ms. Greathouse could not reasonably ascertain where this road led for, by her own admission, she saw no signs. Her own negligence caused her to turn left into oncoming traffic

where there was no sign indicating that this was safe conduct.

2. Even assuming DOT was negligent in failing to post some additional marker indicating that a driver should not turn left off this ramp, and assuming that in the dense fog Ms. Greathouse could have seen such a sign, the evidence does not permit a reasonable inference that Ms. Greathouse would have heeded it. Assuming DOT did something negligent, we have said before that where a person is engaged in potentially dangerous conduct and does not know what he is doing but forges ahead to do it anyway, it cannot be reasonable, proper or warranted to do it. See *McNeely v. Harrison*, 138 Ga. App. 310, 313 (226 SE2d 112). This is more so true when one is doing a thing in unusually hazardous conditions. This collision was not caused by DOT's failure to put up adequate signs; it was caused by Ms. Greathouse's turning onto an expressway without following any sign. Her conduct was unreasonable as a matter of law, and was not a hazard which the DOT should reasonably have foreseen. It must be concluded beyond any genuine issue of material fact that DOT's negligence, if any, was not the cause of Ms. Greathouse's turning left off this exit road. While the issue of proximate cause is generally a question of fact for the jury, it may be decided as a matter of law where the evidence is clear and leads to only one reasonable conclusion — that defendants' acts were not the proximate cause of the plaintiffs' injury. Id. at 312.

3. Further, we have examined the diagrams and photographs in evidence, and we think reasonable minds cannot differ that whatever the degree of left turn Ms. Greathouse had to make to turn into the oncoming traffic on I-185 southbound, it is too sharp a turn backwards for any reasonable person to make on an interstate, especially in the fog and without signs. This could not have been a turn which DOT could reasonably have foreseen. Id. at 313.

The trial court erred in failing to grant summary judgment to DOT in the facts of this case.

*Judgments reversed. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 3, 1994 —
RECONSIDERATION DENIED FEBRUARY 28, 1994 —

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Eric A. Brewton, Assistant Attorney General,* for appellants.

*Adams & Ellis, George L. Lewis, Duffy & Feemster, Dwight T. Feemster, Jobeth Gosdeck, H. J. Thomas, Jr.,* for appellees.