A97A1256. DEPARTMENT OF TRANSPORTATION et al.
v. JACKSON.
A97A1257. HOLLOWAY CONSTRUCTION COMPANY
v. JACKSON.
A97A1258. SHEETS CONSTRUCTION COMPANY v. JACKSON.
(494 SE2d 20)

SMITH, Judge.

This action arose out of an automobile collision that occurred at the intersection of Georgia Highway 316 and Georgia Highway 81, on the day that Highway 316 was opened to the public at that site. The collision occurred when the driver of the car in which Lamont Jackson was a passenger disregarded a stop sign at the intersection. Jackson brought this action against the Georgia Department of Transportation (DOT), Holloway Construction Company, and Sheets Construction Company, alleging that the driver, Polite, ignored the stop sign at the intersection because defendants negligently led him to believe that Highway 316 was still closed at that intersection. The defendants' alleged negligence was in failing to cover the stop signs on Highway 81 at the intersection of Highway 316 until the latter was opened to the public, and in otherwise failing to do more to signal the opening of the road.[1]

Defendants filed motions to dismiss for failure to state a claim, relying on this Court's unpublished decision in *Hill v. Sheets Constr. Co.,* Case No. A95A0500, June 26, 1995, involving the same collision at issue here. In *Hill,* the parents of another passenger in Polite's car brought a wrongful death action against these defendants, making essentially the same allegations as those made in the complaint in this case.[2] We held in *Hill* that the plaintiffs failed to state a claim

---

[1] The complaint also alleged professional malpractice in that defendants failed to exercise a reasonable degree of care employed by contractors and the Georgia DOT under similar conditions and like circumstances.

[2] The plaintiffs in *Hill* did not include a claim for professional malpractice, but that difference is immaterial to our analysis.

because the sole proximate cause of the injury was the driver's failure to stop at the stop sign. The trial court in this case, however, denied defendants' motions to dismiss based on the Supreme Court's recent opinion in *Dept. of Transp. v. Brown*, 267 Ga. 6 (471 SE2d 849) (1996). The court concluded that because in *Brown* a driver's failure to stop at a stop sign did not preclude plaintiff's recovery against DOT, Jackson should not be denied recovery here. We conclude that because Jackson's complaint clearly shows the sole proximate cause of his injuries to be Polite's negligence and because *Brown* is inapposite to the facts of this case, defendants' motion to dismiss should have been granted.

We recognize the strict standard for granting a motion to dismiss for failure to state a claim: such a motion "should be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of the claim." (Citation and punctuation omitted.) *English v. Liberty Mtg. Corp.*, 205 Ga. App. 141, 142 (421 SE2d 286) (1992). Even taking this standard into account, however, we agree with defendants that dismissal is warranted. Jackson's complaint admits that Polite failed to heed the stop sign and contains no allegations that the sign was obscured or that he was otherwise prevented from observing it. Regardless of whether the signs were uncovered prior to the opening of the intersection and whether Highway 316 was opened at the time the signs were erected, it is beyond all dispute that "STOP" means stop under the Uniform Rules of the Road: "every driver of a vehicle approaching a stop sign shall stop." OCGA § 40-6-72 (b). To fail to stop where directed to do so by a stop sign is negligence per se. See generally *Williams v. Calhoun*, 175 Ga. App. 332, 333 (333 SE2d 408) (1985); *Johnson v. McAfee*, 151 Ga. App. 774 (261 SE2d 708) (1979); OCGA § 40-6-20 (e). It is true that once negligence per se is shown, the burden then shifts to the defendant to show that the violation was unintentional and in the exercise of ordinary care. See, e.g., *Cox v. Cantrell*, 181 Ga. App. 722, 724 (5) (353 SE2d 582) (1987). But here, although he claimed the defendants were negligent in leading the public "into a false sense of security," it is nonetheless clear that Polite's failure to heed the stop sign was *intentional*. As alleged in his complaint: "As a result of the negligence of the defendants, Robert L. Polite *did not heed* the stop sign, at what he thought was a closed highway." (Emphasis supplied.)

Although Jackson contends that defendants caused Polite to disregard the stop sign, as aptly argued by DOT, "Georgia law does not allow drivers to selectively obey stop signs based upon their belief as to the appropriateness of the sign." OCGA § 40-6-72 does not provide that a driver may intentionally disregard a clearly visible traffic control device simply because he believes the highway he is approaching

is not open for public travel. The language of that statute is mandatory, stating that the driver "shall stop" and "shall yield the right of way" at a stop sign "except when directed to proceed by a police officer." OCGA § 40-6-72 (b).

Taking all the allegations in Jackson's complaint as true, it nonetheless fails to state a cause of action against defendants. At most the complaint shows that defendants failed to do all that could have been done to assure that drivers on Highway 81 took heed of the stop sign after the intersection was opened to the public. Such action does not excuse Polite's failure to stop where clearly directed to do so as required by the Uniform Rules of the Road, particularly OCGA § 40-6-72 (b). We therefore cannot agree with Jackson's argument that the collision was caused by defendants' conduct. Polite's intentional disregard of the stop sign proximately caused the collision. Because Polite's conduct was intentional, constitutes negligence per se, and was the proximate cause of Jackson's injuries, the trial court erred in denying defendants' motions to dismiss.

The cases relied on by Jackson do not demand a different result. *Brown*, supra, is inapposite. Notwithstanding the Supreme Court's observation regarding how the collision occurred, that case does not address the issue presented here: whether plaintiff is precluded from recovery when his complaint admits that he was injured after the driver of the car causing the collision intentionally failed to heed a stop sign. That decision instead focuses on certain exceptions to liability under the Georgia Tort Claims Act, see OCGA § 50-21-24, and on the discretionary function of the DOT in determining whether to install a stop sign or a traffic signal at a particular intersection. *Atlantic Coast Line R. Co. v. Coxwell*, 93 Ga. App. 159 (91 SE2d 135) (1955) and *Bozeman v. Blue's Truck Line*, 62 Ga. App. 7 (7 SE2d 412) (1940), also relied on by Jackson, are similarly inapposite. In those cases, more than one concurrent negligent act combined to cause plaintiffs' injuries. Here, on the contrary, the complaint shows on its face that Polite deliberately failed to stop at the stop sign. There are no allegations that the sign was improperly placed or was not obvious. The previous uncovered status of this traffic control device notwithstanding, this failure was the sole proximate cause of Jackson's injuries.

Finally, *Mixon v. City of Warner Robins*, 264 Ga. 385 (444 SE2d 761) (1994) likewise is not controlling. It is true that the facts in *Mixon* involve a collision in which a driver disregarded a stop sign and struck the decedent's car, killing her. But the issues presented in *Mixon* differ vastly from those here. *Mixon* focuses on the policy issues surrounding the liability of police officers engaged in a high speed chase. It addresses the statutory duty of a police officer involved in such activity to exercise due regard for others' safety.

OCGA § 40-6-6 (d). The facts of this case do not involve a high speed chase, and as aptly argued by DOT, no such duty exists under these circumstances. DOT's argument is persuasive: Under Jackson's argument, despite proper placement of stop signs at the intersection, DOT would be required to anticipate that drivers "would decide of their own volition that they did not need to stop at such stop signs. . . . [S]uch a ruling would send a message that drivers in fact can decide whether to stop at a stop sign based upon their own determination as to whether such stop sign is 'appropriate.'"

Because Jackson failed to state a claim against defendants on which relief can be granted, the trial court erred in denying their motions to dismiss.

*Judgments reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 22, 1997 —
RECONSIDERATION DENIED NOVEMBER 13, 1997 —

*Thurbert E. Baker, Attorney General, George P. Shingler, Kathleen M. Pacious, Deputy Attorneys General, C. Latain Kell, Senior Assistant Attorney General,* for Department of Transportation.

*Chambers, Mabry, McClelland & Brooks, Walter B. McClelland, Jo Beth Gosdeck,* for Holloway Construction Company.

*Goodman, McGuffey, Aust & Lindsey, Leslie S. Sullivan,* for Sheets Construction Company.

*Greer, Klosik & Daugherty, John F. Daugherty, Robert J. McCune,* for Jackson.