## A01A0749. NORRIS et al. v. DEPARTMENT OF TRANSPORTATION.
### (551 SE2d 379)

ANDREWS, Presiding Judge.

Anna Lois Norris was killed when the car she was driving collided with another car at the intersection of 26th Avenue and U. S. Highway 319 in Moultrie at the site of a road construction project recently completed under a contract between the Georgia Department of Transportation (DOT) and its contractor. Ms. Norris's surviving spouse and the administrator of her estate, Steven Norris, sued the DOT under the Georgia Tort Claims Act for wrongful death and other damages contending that changes made to the intersection under the contract created a dangerous and confusing approach to the intersection which caused the collision.

The trial court granted the DOT's motion for summary judgment asserting that Ms. Norris's intentional disregard of a stop sign at the intersection was the sole proximate cause of the collision, and Mr. Norris appeals. Because we conclude that factual issues remain as to whether stop signs placed at the intersection under the contract were properly placed and clearly visible, we reverse the grant of summary judgment.

In *Dept. of Transp. v. Jackson*, 229 Ga. App. 321 (494 SE2d 20) (1997), relied upon by the DOT in its motion for summary judgment, we affirmed the grant of summary judgment in favor of the DOT in a similar intersection accident case where the evidence showed that the driver intentionally ran a clearly visible stop sign, and there was no allegation that the sign was obscured or that the driver was otherwise prevented from observing it. Under those circumstances, we concluded that the sole proximate cause of the ensuing collision with another car was the driver's intentional disregard of the stop sign. Id.

In the present case, the record shows that the DOT project involved construction of two southbound lanes of traffic for Highway 319 at its intersection with 26th Avenue. The project expanded Highway 319 from two lanes to four lanes, creating two southbound lanes and two northbound lanes divided by a median. Until a few days prior to the collision, however, the southbound lanes had been closed due to construction, and Highway 319 traffic was maintained on the two lanes which had been previously constructed. While maintained as a two-lane highway during construction of the southbound lanes, cars approaching Highway 319 traveling eastbound on 26th Avenue drove across the closed southbound lanes and stopped at the median before encountering traffic on the two open lanes. When construction was finished on the southbound lanes, Highway 319 expanded to a four-lane highway, and stop signs were rearranged under the DOT contract to direct cars approaching eastbound on 26th Avenue to stop

before encountering traffic on the newly opened southbound lanes.

On the day of the collision, Ms. Norris's car approached the newly opened four-lane Highway 319 traveling eastbound on 26th Avenue. Ms. Norris's 13-year-old son, James Norris, was a passenger in the car. He testified by deposition that, as the car came around a curve on 26th Avenue toward the intersection, the only stop sign he saw was one located in the median of Highway 319 and that his mother drove across the two southbound lanes of the highway and started to slow down to stop as she approached the stop sign in the median. As they were slowing down to stop, their car was struck by another car traveling with the right of way on Highway 319 in the newly opened southbound lanes. He also testified that there was another stop sign on 26th Avenue directing eastbound cars to stop before entering the southbound lanes of the highway. When asked if he was able to see that stop sign before his mother drove past it into the southbound lanes of the highway, he responded that the stop sign was only briefly visible, "if you just like look over real quick. . . ." He testified that, as his mother's car approached the intersection, there was an obstruction blocking the view of the corner where this stop sign was located. Contrary to this testimony, the DOT points to testimony based on an accident reconstruction that concluded stop signs at the intersection were properly placed.

Viewing all the evidence in the light most favorable to Mr. Norris as the party responding to the motion for summary judgment, we conclude that this case is not controlled by *Dept. of Transp. v. Jackson*, supra, and that genuine issues of material fact exist as to whether Ms. Norris intentionally ran a clearly visible stop sign or whether she failed to see the stop sign because it was obscured. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment reversed. Eldridge and Miller, JJ., concur.*

DECIDED JUNE 25, 2001.

*Kirbo & McCalley, Thomas L. Kirbo III*, for appellants.
*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Susan J. Levy*, for appellee.