A04A2077. FERRELL et al. v. UNITED WATER SERVICES
UNLIMITED ATLANTA, LLC.
(611 SE2d 126)

SMITH, Presiding Judge.

Charlie Ferrell ("Ferrell") and his wife, Maria Ferrell, appeal from the trial court's grant of summary judgment in favor of United Water Services Unlimited Atlanta, LLC, in the suit brought by the Ferrells for damages resulting from a vehicular collision. Because we agree with the trial court that no act or omission by United Water was the proximate cause of Ferrell's injuries, we affirm the grant of summary judgment to United Water.

The evidence in the record shows that Ferrell was driving south on Northside Drive in Atlanta at approximately 1:15 p.m. on November 12, 2002. He saw a United Water truck and trailer stopped in the far right lane at a work site and pulled his van up ten or twelve feet behind the trailer. Work was no longer in progress, the backhoe used in the work had already been placed on the trailer, and Ferrell saw no safety cones or flashers. He exited his van to speak to a United Water employee, with whom he had once worked. Ferrell was standing between the front of his van and the back of the trailer, talking to the United Water employee, when a pickup truck driven by Larry McClellan hit the back of Ferrell's van, crushing Ferrell between the van and the trailer and fracturing both his legs. McClellan slowed and dropped his passenger off, then fled the scene.

The passenger, Cecil Whicker, testified on his deposition that he and McClellan stopped at two traffic lights before coming to the intersection immediately before the collision. Each time Whicker had to nudge McClellan and tell him that the light had turned green, because McClellan was "still . . . sitting there. I don't know where his mind was at or what." Whicker saw the van "parked" in the curb lane when McClellan's truck stopped at the last traffic light. Whicker

knew the van was stopped because there was no other traffic around it, and he did not know why McClellan did not change lanes. It was a clear day, and according to Whicker, the "parked" van was easily seen from the traffic light. Whicker's attention was distracted for a moment by several young women across the street, and the next time he looked ahead McClellan was "right there hitting . . . that van . . . right in the rear." Whicker agreed that "there [were] no cones, no flag man, nothing there for safety precaution." Whicker exited McClellan's truck to assess the damage. When he returned and informed McClellan that he had hit the van and pinned someone between the van and the trailer, McClellan put his truck "in reverse and [said] 'I got to go.' " Whicker opined that McClellan "knew he was in trouble."

McClellan was apprehended shortly thereafter by deputy sheriffs and turned over to Atlanta Police Department officer Randy Miller. Miller deposed that McClellan was unable to exit his truck without help, was very unsteady on his feet, and looked "just like he wanted to go to sleep." He "just wasn't acting normal" and appeared to be under the influence of drugs. During an inventory search of McClellan's truck, Miller found a syringe that appeared to have been used recently, probably within the last 30 minutes. McClellan first told Miller he was diabetic, but subsequently admitted that the syringe had contained morphine and that he "had used a needle" on the day of the collision. While waiting for a blood test, however, McClellan told Miller he was "shooting up cocaine." McClellan's blood was sent to the Georgia Bureau of Investigation crime lab, and it tested positive for cocaine, a cocaine metabolite, and morphine. McClellan later pled guilty to the charge of driving under the influence of drugs. Like Whicker, Miller testified that he could think of no reason why McClellan could not have seen the van in front of him because the day was clear and the visibility excellent. He testified that "coming southbound on Northside Drive, you had . . . better than a thousand feet of visibility."

On his deposition, McClellan estimated that he first saw Ferrell's van when it was approximately 20-30 feet away. He agreed that there was no traffic preventing him from changing lanes. He explained the collision by saying that when he attempted to brake, his foot accidentally stepped on the accelerator instead.

Ferrell and his wife brought suit against McClellan, then amended their complaint to add United Water as a defendant. They sought to recover from United Water primarily on the ground that it failed to set out traffic cones or provide proper warning to motorists that its vehicles were "parked" in the curb lane. United Water filed a motion for summary judgment, arguing that because its acts or omissions were not the proximate cause of Ferrell's injuries, any factual dispute

regarding whether adequate precautions were taken or warning was given is irrelevant. The trial court agreed, and we agree with the trial court.

> [S]ummary judgment is appropriate in negligence cases when, viewing all the facts and reasonable inferences from those facts in a light most favorable to the plaintiff, the evidence does not create a triable issue on the question of proximate cause. Although the question of proximate cause is ordinarily for the jury to decide, plain and indisputable cases may be decided by the court as a matter of law. In such plain cases, the inquiry is whether the causal connection between the defendant's conduct and the injury is too remote for the law to countenance a recovery.

(Citations and punctuation omitted.) *Brown v. All-Tech Investment Group*, 265 Ga. App. 889, 893 (1) (595 SE2d 517) (2004). The intervening criminal act of a third party, without which an injury would not have occurred, is treated as the proximate cause of the injury and supersedes any negligence of the defendant, unless it is a reasonably foreseeable consequence of the defendant's negligence. Id. Foreseeable consequences are those that "are probable, according to ordinary and usual experience, those which, because they happen so frequently, may be expected to happen again." (Citations and punctuation omitted.) Id. at 894.

Here, whether cones and/or warnings were still in place at the time of the collision is in dispute. But no evidence whatsoever exists to suggest that the collision would have been avoided had cones or warnings been in place. First, Ferrell himself was able to bring his vehicle to a stop behind the trailer. Second, Whicker testified that Ferrell's van was clearly visible from the last traffic light. Third, McClellan admitted that he saw the van in time to stop but stepped on the accelerator instead of the brake. In fact, the evidence shows overwhelmingly that Ferrell's injuries were caused by McClellan, either by being inattentive, by accidentally stepping on the accelerator instead of the brake, by driving while impaired by drugs, or by some combination of these three possibilities.

To allow Ferrell to recover, a jury would have to speculate that some action by United Water somehow would have prevented the collision. But such speculation cannot create a jury question. *Watson v. Marshall*, 212 Ga. App. 206 (441 SE2d 427) (1994) (jury would have to speculate that placing more signage on interstate exit would have prevented driver from going wrong way in heavy fog); *Stevens v. Dept. of Transp.*, 256 Ga. App. 656 (572 SE2d 1) (2002) (jury would have to speculate that driver who missed all traffic signals present would

have seen additional traffic control devices and avoided collision at intersection). In *Watson* and *Stevens* the failure of the Department of Transportation to put up additional traffic control devices could not have proximately caused the respective collisions. *Watson*, supra at 208 (2); *Stevens*, supra at 658-659. Similarly, in this case the alleged and disputed failure of United Water to place cones and warning signs behind its trailer could not have been the proximate cause of the collision.

Ferrell argues that his expert's opinion, introduced into evidence by affidavit, showed that United Water's negligence was the proximate cause of the collision. But this expert's opinion merely showed that McClellan would not have been able to avoid the collision because he could not have stopped in time after he first noticed the van 20 or 30 feet ahead. This opinion begs the question, since the van was clearly visible before McClellan first noticed it. Moreover, McClellan himself merely estimated the distance. He testified, however, that he believed he had time to brake but stepped on the accelerator instead. In addition, expert opinions were also introduced in favor of the plaintiffs in both *Watson* and *Stevens*, but those opinions did not preclude summary judgment because "the conclusion of an expert witness on the ultimate issue of fact does not necessarily create an issue for jury determination. [Cits.]" *Sullivan v. Quisc, Inc.*, 207 Ga. App. 114 (427 SE2d 86) (1993).

Other issues of fact, pointed out by Ferrell, are simply irrelevant. United Water negated an essential element of Ferrell's case when it pointed to overwhelming evidence showing that McClellan's unforeseeable conduct, and not any negligence on its part, was the proximate cause of the collision and Ferrell's injuries. Summary judgment in favor of United Water was appropriate.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 3, 2005.

*Kevin C. Ford*, for appellants.
*Magill & Atkinson, Thomas E. Magill, Jonathan A. Barash*, for appellee.