## A05A2046. PAVEMENT TECHNIQUES, INC. v. MYRICK.
(629 SE2d 455)

BARNES, Judge.

Following the grant of an interlocutory appeal, Pavement Techniques, Inc. ("Pave Tech"), appeals the denial of its motion for summary judgment on the wrongful death claim of David L. Myrick II.[1] Pave Tech contends the trial court erred by denying its motion because no evidence establishes that the absence of warning signs on the roadway was the proximate cause of the wreck that caused the death of David L. Myrick. We disagree and affirm.

Myrick's complaint alleged a count of professional negligence in that Pave Tech had a contract with the Georgia Department of Transportation ("DOT") to resurface a county road, and that under the contract Pave Tech was to be responsible for selecting, installing, and maintaining all traffic control devices required by the plans and the Manual on Uniform Traffic Control Devices. Pave Tech had responsibility for furnishing, installing and maintaining all interim guides and warning or regulatory signs required until the project was accepted by the DOT, and the complaint alleged that Pave Tech breached these duties by failing to install a speed advisory warning sign on a curve and by failing to install low/soft shoulder signs, thus causing the road to be hazardous. The complaint also alleged a count of simple negligence based on the same conduct, a count based on respondeat superior, and other counts not relevant to this appeal.

An affidavit from an expert asserting that Pave Tech had a duty to install the warning signs, had breached the duty, and that Pave Tech's actions "were a significant causative factor" in the death of David L. Myrick was attached to the complaint. Pave Tech answered, denying liability, and filed a motion to be permitted to file a third-party complaint against David Brian Thornton, the driver of the truck in which David Myrick was a passenger, which was granted.

After discovery, Pave Tech moved for summary judgment contending that there was no probative evidence on the essential element of causation. Pave Tech argued that, even assuming that it was negligent in failing to install the signs as Myrick alleged, any such negligence did not "cause or contribute to the cause of this accident." Instead, it argued that it was Thornton's dangerous driving that caused the accident. Pave Tech further argues that the absence of the signs made no difference in this case because Thornton, having

---

[1] After the ruling in the trial court, Richard E. Myrick was substituted in the case as the administrator of the estate of Rebecca S. Myrick and in his individual capacity as the natural parent of David L. Myrick II.

driven the road numerous times, was familiar with the road and there were several warning signs in place that Thornton apparently did not heed.

The trial court denied the motion. The court found that low shoulder warning signs were required if the drop-off between the road surface and the shoulder was more than two inches, and that questions of fact existed on whether the drop-off was more than two inches, whether Pave Tech was responsible for erecting or maintaining the warning signs, whether Thornton would have heeded the signs, and whether Thornton was driving within the speed limit. Pave Tech appeals from that decision.

In Georgia,

[t]he standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When a trial court rules on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. On appeal of the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence.

(Citation omitted.) *Overton Apparel v. Russell Corp.*, 264 Ga. App. 306, 307 (1) (590 SE2d 260) (2003). Any doubts on the existence of a genuine issue of material fact are resolved against the movant for summary judgment. *Kelly v. Vargo*, 261 Ga. 422, 423 (1) (405 SE2d 36) (1991).

Further, a defendant may show that it is entitled to summary judgment

by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.] A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record

that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).

*Lau's Corp. v. Haskins*, supra, 261 Ga. at 491. Pave Tech contends that it discharged its burden and, as Myrick failed to point to evidence giving rise to a triable issue, the trial court should be reversed.

To prove a negligence cause of action in Georgia a plaintiff must establish:

(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

(Citation omitted.) *Phillips v. South West Mechanical Contractors*, 254 Ga. App. 144, 145 (1) (561 SE2d 471) (2002). Although questions of proximate cause are ordinarily for the jury to decide, in plain and indisputable cases the issue may be decided by the court as a matter of law. *Brown v. All-Tech Investment Group*, 265 Ga. App. 889, 893 (1) (595 SE2d 517) (2004).

Consideration of this appeal must start from the proposition that the routine issues of negligence cases are generally not susceptible of summary adjudication. See, e.g., *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (b) (493 SE2d 403) (1997). Thus, the question before us is whether Myrick carried its burden pointing "to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, supra, 261 Ga. at 491.

Giving Myrick the benefit of all reasonable doubts and construing the evidence and all inferences and conclusions from the evidence most favorably toward Myrick, as the party opposing Pave Tech's motion for summary judgment, the record shows that David Myrick was a passenger in a truck driven by Thornton on the resurfaced road. The evidence shows that Thornton lost control of the truck on a curve when the right side tires ran off the pavement and the truck traveled for some distance partially off the road. While attempting to return to the road fully, Thornton lost control of the truck and the truck spun around in the road, crossed the road, and struck a tree on the other

side of the road from Thornton's direction of travel. Myrick and another passenger were killed; Thornton survived, but remembers nothing.

Myrick's highway construction expert testified that there were places where there was more than a two-inch drop-off between the road surface and the shoulder, and that Pave Tech failed to install the warning signs that were required. Myrick's accident reconstruction expert testified that Thornton was proceeding down the road, entered the curve, but did not successfully negotiate it. He further testified that:

> The tires dropped off the edge of the road on the right side. The vehicle continued further and further onto the shoulder. The driver effected a left steering input in order to regain the road. The nature of the surface that he was operating on at the time, that being the shoulder, did not offer a lot of friction to him, and therefore a counterclockwise rotation [of the truck] began on the shoulder.

> Once the rotation continued, the path of the vehicle took a turn more towards the returning to the roadway. The change in the friction available to the vehicle caused a change in the path of the rotation. It went from a low surface — a low friction surface to a higher friction surface, and essentially continued rotating in a less quick rotation across the roadway, exited the opposite shoulder and impacted a group of trees.

In the expert's opinion the vehicle was traveling approximately 45 miles per hour, and that once "the rear tires were tracking outside the front tires, that it was an unrecoverable situation and that Mr. Thornton at that point was no longer exercising control of the vehicle."

He also testified that from photographs of the accident scene, he could see that

> there are some areas of the shoulder where it's worn down where there's a lot of vehicle traffic that drops off that edge. That's consistent with what happened with Mr. Thornton. There are some areas on the edge of the roadway — they're intermittent, but they are there — where there is more of a shoulder drop off than would be comfortable for the normal driver. That would tend to be somewhat upsetting to the vehicle.

Giving Myrick the benefit of any doubts and construing this evidence and any inferences from this evidence in Myrick's favor, the evidence shows that the accident was caused by the truck going off the road onto the shoulder and then going into an uncontrollable spin. The expert further testified that "appropriate signage gives [drivers] valuable information in order for them to make decisions about how they're going to continue operating their vehicle." This evidence and his testimony about the cause of the accident are sufficient to create an issue of fact on whether the failure to post the signs deprived Thornton of "valuable information" he needed "to make decisions about how [he was] going to continue operating [his] vehicle," and thus caused the accident.

The expert also testified that in the direction the truck was traveling there were no speed limit signs. Consequently, under Georgia law the speed limit would default to the standard 55 miles per hour on county roads.

On appeal Pave Tech relies primarily on *Layfield v. Dept. of Transp.*, 271 Ga. App. 806 (611 SE2d 56) (2005), cert. granted, 2005 Ga. LEXIS 772 (Nov. 8, 2005), contending that, because Myrick's expert's opinion was too speculative, no evidence exists establishing that the failure to post the signs was the proximate cause of the accident. In *Layfield*, this court held that "where the only evidence of the cause of an accident is expert testimony based on conjecture and speculation, summary judgment in favor of the defendant is mandated." Id. at 809. In *Layfield*, the expert's opinion that a buildup of water on the road caused the accident was not supported by physical evidence, and the majority rejected the expert's opinion because it found that the opinion was based on mere speculation. Without the expert's opinion, no evidence established that the cause of the accident was Layfield's negligence.

This case, however, is different factually from *Layfield*. Here physical evidence exists showing what happened that night, along with the testimony of a driver who was traveling in front of Thornton who saw the car spin around and go off the road. Also, contrary to the circumstances in *Layfield*, the physical evidence at the scene of the wreck was analyzed by the accident reconstruction expert, and his testimony shows that a question of fact existed on whether the failure to install the warning signs deprived Thornton of information necessary to negotiate the curve successfully, thereby causing the accident.

Pave Tech's argument that Myrick failed to prove that Thornton would have followed the warning signs has no merit. The premise underlying this argument is that, in the absence of evidence to the contrary, Thornton would have behaved negligently. That is not our law. "Negligence cannot be presumed; on the contrary, performance of

duty and freedom from negligence is presumed." *Johnson v. Ellis*, 179 Ga. App. 343, 345 (346 SE2d 119) (1986). Therefore, without evidence establishing that he was negligent, we must presume that Thornton would have obeyed the warning signs if they had been installed. Additionally, Pave Tech's argument is contrary to the principles upon which the requirements for *all* warning signs are based.

Contrary to Pave Tech's arguments, this case is unlike *Stevens v. Dept. of Transp.*, 256 Ga. App. 656 (572 SE2d 1) (2002), and *Watson v. Marshall*, 212 Ga. App. 206 (441 SE2d 427) (1994), because no evidence shows that Thornton blatantly ignored any warning signs advising him of this danger. Also, while the evidence shows that Thornton had traveled the road in the past, no evidence shows that he was aware of the dangers posed by the low or soft shoulders on the road.

Accordingly, the trial court did not err by denying Pave Tech's motion for summary judgment.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 15, 2006 —
RECONSIDERATION DENIED MARCH 28, 2006.

*Brannen, Searcy & Smith, David R. Smith, Beverly G. O'Hearn*, for appellant.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Brennan, Harris & Rominger, Mason White*, for appellee.