## A08A2343. GREENE v. GEORGIA DEPARTMENT OF TRANSPORTATION.

(673 SE2d 617)

JOHNSON, Presiding Judge.

After being injured in a traffic accident at a highway construction site, Herbert L. Greene sued the Georgia Department of Transportation ("DOT"), alleging that it negligently operated and maintained the roadway. The DOT moved for summary judgment, and the trial court granted the motion. For reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law.[1] We review the trial court's summary judgment ruling de novo, construing the evidence and all reasonable inferences in favor of the non-moving party.[2]

So viewed, the record shows that Greene is a Wilkinson County Sheriff's Deputy. Sometime after midnight on May 25, 2003, Greene was dispatched from the Sheriff's Office to a hotel located several miles away on Georgia State Route 29. Greene proceeded to Route 29 and turned onto the highway at some point south of the hotel.

As Greene drove north on Route 29, he saw barricades located on each side of the road. He did not read the signs on the barricades and continued north. Further down the road, Greene encountered additional barricades and noticed a sign stating: "Road closed, open to local traffic only." Greene again drove past the barricades, traveling 65 to 70 miles per hour in a 45 mile per hour speed zone. A short time later, he rounded a curve and encountered a bank of excavated dirt in the middle of the road. He attempted to stop his vehicle, but the car collided with the dirt bank, injuring him.

---

[1] *Stevens v. Dept. of Transp.*, 256 Ga. App. 656 (572 SE2d 1) (2002).
[2] Id.

Officer Andrew Hester, who was riding with Greene that night, testified that before the accident, they drove through a set of barricades marked: "Road Closed, Local Traffic Only." He then observed two more sets of barricades along their route. According to Hester, the barricades were on the side of the road, and Greene was able to stay in his lane of travel as he drove past the first two sets. To avoid the final set of barricades, however, Greene had to maneuver around them by driving over the roadway's center line.

A DOT highway maintenance foreman testified that at the time of the wreck, the DOT had closed a portion of Route 29 to replace a drainage pipe beneath the roadway. The DOT placed barricades at three points beginning .6 miles before the construction zone. According to the foreman, the barricades blocked part of the road, but left space open in the middle of the roadway. The foreman further testified that the first set of barricades had signs stating: "ROAD CLOSED 0.6 Miles Ahead, Local Traffic Only." Signs on the second and third sets of barricades stated: "ROAD CLOSED." After the first set of barricades, an orange sign on the side of the road also advised: "Road closed 500 feet." The foreman investigated the accident and determined that Greene drove past all three sets of barricades before reaching the construction site.

Following the wreck, Greene sued the DOT, alleging that it failed to adequately warn of the road closure, did not properly inspect and maintain the roadway, and was otherwise negligent. Moving for summary judgment, the DOT argued that Greene saw — but ignored — a "Road Closed" warning before colliding with the excavated dirt. The trial court agreed and granted the DOT's motion. We find no error.

To support his claim, Greene offered testimony from a traffic engineer, who asserted that applicable engineering standards required the DOT to place barricades in the center of the roadway to prevent motorists from entering the construction site. The engineer further testified that the DOT should have inspected the area every 24 hours to make sure the barricades were properly positioned, should have clearly marked the mound of excavated dirt, and should have notified the Wilkinson County Sheriff's Office that it had closed Route 29.

As we have previously held, however, "where a person is engaged in potentially dangerous conduct and does not know what he is doing but forges ahead to do it anyway, it cannot be reasonable, proper or warranted to do it."[3] In this case, the DOT offered evidence that it erected three sets of barricades marked "Road Closed" at various

---

[3] *Watson v. Marshall*, 212 Ga. App. 206, 208 (2) (441 SE2d 427) (1994).

points on Route 29. Although Greene did not recall seeing all three sets of barricades, he did not dispute their existence, and Hester testified that they passed the three sets as they traveled down Route 29. These barricades did not block the entire roadway, but the final set was at least partially in the lane of travel on both sides of the road, and Greene had to cross the center line to avoid it.

One set of barricades had a Road Closed sign indicating that local traffic could pass, while the other two sets stated simply: "Road Closed." The DOT also erected a road-side "Road Closed" sign along the route. Greene's testimony raises some question about the order of the signs. Even construed favorably to Greene, however, the evidence shows he continued past several "Road Closed" warnings and maneuvered around the final barricades at a high rate of speed.

Under these circumstances, we agree with the trial court that the DOT's placement and maintenance of its barricades did not proximately cause Greene's injuries. Rather, Greene ignored "Road Closed" signs and several barricades, unreasonably choosing to forge ahead. We recognize that the DOT could have completely blocked the roadway. But Greene's decision to speed through the barricades, particularly the final set, "was unreasonable as a matter of law, and was not a hazard which the DOT should reasonably have foreseen."[4]

The evidence also undermines any claim that the wreck resulted from a lack of reflective markings on the dirt mound. Hester asserted that the mound was not visible until the patrol car was "on it." He further testified: "[I]f there had . . . been a barrel or a barricade right at the dirt or something reflective right at the dirt, we more than likely wouldn't have hit it because the lights would have shined off of it." Greene, however, candidly testified that he saw the hazard when he "rounded the curve and headlights illuminated a dirt bank." He immediately applied his brakes, but could not stop.

We fail to see how a lack of reflective markings proximately caused Greene's injuries. Even without such markings, Greene saw the dirt mound as he came around the curve, and he took immediate evasive action. Greene did not suggest that additional markings would have made a difference or allowed him to avoid the mound. And given Greene's testimony, jurors cannot be permitted "to speculate that some action by [the DOT] would somehow have prevented the collision."[5]

---

[4] Id.; see also *Marshall v. Hugh Steele, Inc.*, 122 Ga. App. 114, 115-116 (3) (176 SE2d 554) (1970) (where evidence shows that driver ignored barricades and detour signs directing traffic off of closed highway, he "may not assert that he was impliedly invited to go upon the unopened road merely because he was in fact able by passing between the barricades to get his vehicle onto the southbound lane and travel north some 26 miles").

[5] See *Ferrell v. United Water Svcs. Unlimited Atlanta*, 271 Ga. App. 887, 889 (611 SE2d 126) (2005).

Similarly, the trial court properly granted summary judgment on Greene's claim that the DOT should have informed the Sheriff's Office about the road closure. The evidence shows that Greene saw barricades and a "Road Closed" warning sign on Route 29, and he also missed several other warnings about the closure as he traveled down the road. Simply put, the DOT warned that the road was closed, but Greene used it anyway. He cannot now ask a jury to speculate that he would have paid attention to or heeded yet another closure warning from the DOT.[6]

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED FEBRUARY 13, 2009.

*Reynolds & McArthur, W. Carl Reynolds, Bradley J. Survant, Michael G. Horner,* for appellant.

*Thurbert E. Baker, Attorney General, Robert L. Bunner, Assistant Attorney General,* for appellee.

---

[6] See *Stevens, supra* at 658-659 (DOT's failure to install additional warning signs regarding new traffic light did not proximately cause wreck at intersection; driver who failed to stop "missed numerous indications that he was approaching an intersection controlled by a red light"); *Smith v. Commercial Transp.,* 220 Ga. App. 866, 868 (2) (470 SE2d 446) (1996) ("[W]e have held that where a driver missed several indications of a hazard, jurors cannot speculate that putting up a sign about the hazard would have made any difference."). Compare *Trammell v. Matthews,* 84 Ga. App. 332, 338-339 (66 SE2d 183) (1951) (jury question remained as to road contractor's alleged negligence in failing to sufficiently close road under construction; passenger of car that wrecked in construction area offered evidence that contractor failed to place warning signs indicating that road was closed, and despite partial roadblock, "[t]he driver of the car had a right to assume that the road ahead of him was clear").