**THIRD DIVISION
MILLER, P. J.,
RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**November 6, 2012**

# In the Court of Appeals of Georgia

A12A1064.  BENNETT  v.  DEPARTMENT  OF
TRANSPORTATION OF THE STATE OF GEORGIA.

A12A1065.  JOHNSON  v.  DEPARTMENT  OF
TRANSPORTATION OF THE STATE OF GEORGIA.

MILLER, Presiding Judge.

Janice Bennett and Denise Johnson brought these actions against the Georgia Department of Transportation ("GDOT") for personal injuries that they sustained in a car accident. Bennett and Johnson both alleged that the accident was proximately caused by GDOT's negligent design, maintenance, and failure to provide proper traffic control devices at the intersection where the accident occurred. GDOT filed identical motions for summary judgment in each case, arguing that there was no evidence establishing that GDOT's alleged negligence was the proximate cause of the accident. The trial court granted GDOT's motions. Bennett and Johnson appeal,

contending that the grant of summary judgment was erroneous since the evidence presented a genuine issue of material fact for the jury as to the proximate causation issue. We discern no error and affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. On appeal from a trial court's grant of summary judgment, we review the evidence de novo and in a light most favorable to the nonmoving party." (Footnotes omitted.) *Stevens v. Dept. of Transp.*, 256 Ga. App. 656 (572 SE2d 1) (2002).

So viewed, the undisputed evidence shows that the subject accident occurred on July 28, 2004 at the intersection of Highway 38 and State Road 11 in Lanier County. John Ellison was driving his vehicle northbound on State Road 11 toward the intersection. At the same time, Johnson and her passenger, Bennett, were headed westbound on Highway 38. As Ellison approached the intersection, he observed two vehicles, including Johnson's vehicle, approaching from his right side.

The intersection contained two clearly visible stop signs and two overhead flashing red lights, indicating that Ellison was required to stop. Ellison saw one of the stop signs and saw Johnson's vehicle approaching the intersection. Ellison was aware that the stop sign directed him to stop, but he failed to do so. According to Ellison,

2

the other vehicles approaching the intersection seemed to be slowing down, so he thought that he would be able to go through the intersection without the need to stop. Rather than stopping at the stop sign, Ellison proceeded to drive into the intersection. Upon entering the intersection, Ellison collided into the right rear panel of Johnson's vehicle.

Johnson and Bennett sustained injuries as a result of the accident. They both subsequently sued GDOT, alleging that it had failed to properly design and maintain adequate traffic control devices at the intersection. In support of their negligence claims against GDOT, Johnson and Bennett presented the testimony of their expert traffic engineer, who opined that a stop/go light should have been installed to control traffic at the intersection more effectively. The expert further opined that the failure to incorporate a stop/go light amounted to a defective design, caused confusion as to how the intersection worked, and was a contributing cause to the subject accident. The expert nevertheless acknowledged that the two stop signs and flashing red lights were present and visibly unobstructed at the intersection, which required Ellison to stop before entering the intersection. The expert also acknowledged that Ellison had admitted his failure to make the required stop at the stop sign.

Based upon the undisputed evidence reflecting how the accident occurred, Johnson and Bennett failed to establish that GDOT's acts were the proximate causation for the accident and their injuries.

> Whether proximate cause exists in a given case is a mixed question of law and fact. It requires both factfinding in the "what happened" sense, and an evaluation of whether the facts measure up to the legal standard set by precedent. Ordinarily, both determinations are most appropriately made by a jury upon appropriate instructions from the judge.

(Citations and punctuation omitted.) *Layfield v. Dept. of Transp.*, 280 Ga. 848, 849 (1) (632 SE2d 135) (2006). "While the issue of proximate cause is generally a question of fact for the jury, it may be decided as a matter of law where the evidence is clear and leads to only one reasonable conclusion -- that defendant['s] acts were not the proximate cause of the plaintiffs' injury." (Citation and punctuation omitted.) *Watson v. Marshall*, 212 Ga. App. 206, 208 (2) (441 SE2d 427) (1994).

Here, the undisputed evidence established that the accident occurred as a result of Ellison's disregard of the clearly posted stop signs and flashing red lights, and his failure to make a full stop as required by those signs before proceeding with caution into the intersection. Significantly, Ellison provided deposition testimony describing the manner in which the accident occurred. In doing so, Ellison admitted that he saw

Bennett's vehicle approaching the intersection, he saw the stop sign, he understood that a posted stop sign requires a driver to stop, but he nevertheless failed to stop as required before driving into the intersection and colliding with Bennett's vehicle.

While we recognize that there may be more than one proximate cause of an accident, we have held that "where a driver missed several indications of a hazard, jurors cannot speculate that putting up a sign about the hazard would have made any difference." (Citation and punctuation omitted.) *Smith v. Commercial Transp.*, 220 Ga. App. 866, 868 (2) (470 SE2d 446) (1996); see also *Stevens*, supra, 256 Ga. App. at 658-659; *Watson*, supra, 212 Ga. App. at 208 (2). Although Ellison claimed that "[i]f there had been a red light up there, . . . [he] probably could [have avoided the wreck,]" there were indeed flashing red lights posted at the intersection; however, he disregarded the lights and made the unauthorized entry into the intersection. Based upon this evidence, the accident was not caused by GDOT's failure to post adequate signs or a traffic light; rather, the accident was caused by Ellison's admitted disregard of the stop signs and flashing red lights that were posted at the intersection. As such, GDOT's acts were not the proximate cause of the injuries sustained by Bennett and Johnson. See *Dept. of Transp. v. Jackson*, 229 Ga. App. 321 (494 SE2d 20) (1997) (affirming the dismissal of the plaintiff's claims against GDOT since the proximate

cause of the automobile collision was the driver's disregard of a stop sign at the intersection, not the alleged failure of GDOT to do more to signal the opening of the road); see, e.g., *Stevens*, supra, 256 Ga. App. at 658-659 (ruling that GDOT's failure to install additional warning signs regarding a new traffic light did not proximately cause a wreck at an intersection since the driver who failed to stop missed numerous indications that he was approaching the intersection, including a white strobe light set up to warn drivers of the red light).

Contrary to Bennett's and Johnson's arguments, the decision in *Layfield*, supra, 280 Ga. at 849-852 (1), does not require a different result. In *Layfield*, the plaintiff brought suit against GDOT, alleging that its negligence in the construction and resurfacing of a road caused the one-car crash wherein the driver lost control of the vehicle in a rainstorm. Id. at 848. The plaintiff presented the testimony of an expert who opined that GDOT had negligently constructed and resurfaced the road, which caused a water accumulation problem on the roadway and led the driver to lose control of his vehicle upon encountering the water accumulation hazard. Id. at 848-849. The sole question presented was whether the expert's opinion on causation was speculative. Id. at 850 (1). The Court held that the expert's opinion on causation was not speculative and provided sufficient evidence for jury resolution as to whether the

alleged negligence of GDOT was the proximate cause of the one-car crash. Id. at 851-852 (1).

The facts set forth in *Layfield* are clearly distinguishable since that case did not involve the driver's uncontroverted disregard of clearly visible stop signs and signals at an intersection. Here, unlike in *Layfield*, there is no question as to the manner in which the accident occurred. The testimony of Ellison's expert in this case did not refute the evidence establishing that the accident was caused by Ellison's disregard of the clearly visible stop signs that were posted at the intersection. Notably, the expert agreed that the intersection contained two stop signs and red flashing lights that were unobstructed and required drivers to stop at the intersection. Notwithstanding the expert's opinion that GDOT's design of the intersection failed to incorporate a traffic light similar to that of a preceding intersection,[1] there was no

---

[1] In support of their claim that the intersection was defectively designed and may have been confusing to drivers, Bennett and Johnson point to evidence that other right-angle accidents had occurred at the intersection. However, there had been no investigation of those accidents to determine whether they were caused by other driving factors, and the accident reports did not reflect that the accidents were caused by the drivers' confusion. As such, the occurrences of the other accidents did not contravene the evidence showing that the sole proximate cause of the instant accident was Ellison's blatant disregard of the traffic signals that were clearly posted at the intersection.

evidence that Ellison was confused about the existence of the stop sign or the requirement that drivers must stop at stop signs before proceeding into an intersection. Regardless of the absence of another traffic light, Ellison had an absolute duty to stop at the clearly visible stop signs and yield to Bennett's vehicle pursuant to the traffic mandates of OCGA §§ 40-6-70 (a) and 40-6-72 (b). See *Jackson*, supra, 229 Ga. App. at 322-323 (OCGA § 40-6-72 (b) mandates that "every driver of a vehicle approaching a stop sign shall stop" and shall yield to the right of way at a stop sign; "Georgia law does not allow drivers to selectively obey stop signs based upon their belief as to the appropriateness of the sign."). "At most the [evidence] shows that [GDOT] failed to do all that could have been done to assure that drivers on [State Road 11] took heed of the stop sign [at] the intersection[.] . . . Such action does not excuse [Ellison's] failure to stop where clearly directed to do so as required by the Uniform Rules of the Road, particularly OCGA § 40-6-72 (b)." Id. at 323. Considering the fact that Ellison missed all of the traffic signs and signals that existed at the intersection, GDOT's failure to install a traffic light or more signs did not proximately cause the collision.[2] See *Stevens*, supra, 256 Ga. App. at 658-659;

---

[2] We further note that any evidence of GDOT's subsequent traffic study and placement of another traffic light at the intersection was inadmissible. "In a negligence case, evidence of subsequent remedial action is not admissible for the

8

*Jackson*, supra, 229 Ga. App. at 322-323. The trial court's decision granting summary judgment in favor of GDOT was proper.

*Judgment affirmed. Ray and Branch, JJ., concur*.

---

purpose of showing that the defendant recognizes and admits his negligence." (Citations and punctuation omitted.) *Dept. of Transp. v. Cannady*, 270 Ga. 427, 428 (1) (511 SE2d 173) (1999); see also *Studard v. Dept. of Transp.*, 219 Ga. App. 643, 644-645 (2) (466 SE2d 236) (1995). Bennett and Johnson have failed to demonstrate that the evidence of subsequent remedial action was relevant for any purpose other than to show that GDOT recognized its negligence, and therefore, the evidence could not be considered in ruling on the motion for summary judgment. See, e.g., *Henson v. Georgia-Pacific Corp.*, 289 Ga. App. 777, 780-781 (1) (658 SE2d 391) (2008).