**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 13, 2013**

# In the Court of Appeals of Georgia

A12A1817. DEMARCO et al. v. THE STATE OF GEORGIA DEPARTMENT OF TRANSPORTATION.

MILLER, Presiding Judge.

Phillip and Patricia DeMarco filed suit against the Georgia Department of Transportation ("GDOT") for personal injuries that Mr. DeMarco sustained in a car accident.[1] The DeMarcos alleged that GDOT negligently designed and maintained the roadway where the accident occurred by failing to provide adequate drainage, and that the accident was caused by water that had accumulated on the road. GDOT moved for summary judgment, arguing that there was no evidence that the roadway was negligently designed or maintained, and that there was no evidence of causation since there was no evidence of pooling or standing water. The trial court granted

---

[1] Mrs. DeMarco sought damages for loss of consortium.

GDOT's motion. On appeal, the DeMarcos contend that the trial court erred in granting summary judgment to GDOT since the evidence presented genuine issues of material fact as to GDOT's negligent design and maintenance. The DeMarcos also contend that factual issues remain regarding proximate causation. For the following reasons, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. On appeal from a trial court's grant of summary judgment, we review the evidence de novo and in a light most favorable to the nonmoving party." (Footnotes omitted.) *Stevens v. Dept. of Transp.*, 256 Ga. App. 656 (572 SE2d 1) (2002).

So viewed, the evidence shows that the subject accident occurred on July 29, 2007 at the intersection of Georgia Highway 38 ("SR 38") and Ben Couch Road. SR 38 had five lanes comprised of two eastbound lanes, one center lane, and two westbound lanes. Mr. DeMarco was sitting in his vehicle in the center lane waiting for traffic to clear so that he could make a left-hand turn. Mr. DeMarco stated that it had been raining heavily earlier in the day and was raining a fair amount at the time he was driving his vehicle.

At the same time that Mr. DeMarco was waiting to make his turn, Jesus Esparza-Castillo was traveling in the opposite direction in a westbound lane. As Esparza-Castillo traveled along the slight curve of the roadway, he lost control of his vehicle and struck Mr. DeMarco's vehicle. The impact of the collision sent Mr. DeMarco's vehicle into the eastbound traffic, where he was struck by another vehicle. As a result of these collisions, Mr. DeMarco suffered severe injuries.

Thereafter, the DeMarcos filed suit against GDOT, alleging that GDOT negligently designed and maintained the roadway by failing to provide adequate cross-slope and proper super-elevation to allow rainwater to safely drain from the road's surface. In support of their claims, the DeMarcos submitted affidavits from two experts, who both opined that the design of the roadway allowed water to pool on the roadway in amounts unsafe for driving conditions. GDOT denied liability, and moved for summary judgment on the grounds that the DeMarcos failed to present evidence showing that its design or maintenance of SR 38 violated the applicable standards, and no evidence showed that standing water was the proximate cause of the accident. Following a hearing, the trial court granted GDOT's motion for summary judgment.

3

Pretermitting the DeMarcos' contentions as to whether GDOT negligently designed or maintained the roadway, there is no evidence showing that any alleged defect was the proximate cause for the accident.

To prevail on a motion for summary judgment, a defendant "must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim." (Footnote omitted.) *Jones v. Board of Regents of the University System of Georgia*, 262 Ga. App. 75, 76 (585 SE2d 138) (2003). Evidence of causation is an essential element of a negligence claim. See *Johnson v. Dept. of Transp.*, 245 Ga. App. 839 (538 SE2d 879) (2000).

> Whether proximate cause exists in a given case is a mixed question of law and fact. It requires both factfinding in the "what happened" sense, and an evaluation of whether the facts measure up to the legal standard set by precedent. Ordinarily, both determinations are most appropriately made by a jury upon appropriate instructions from the judge.

(Citations and punctuation omitted.) *Layfield v. Dept. of Transp.*, 280 Ga. 848, 849 (1) (632 SE2d 135) (2006). "While the issue of proximate cause is generally a question of fact for the jury, it may be decided as a matter of law where the evidence is clear and leads to only one reasonable conclusion–that defendant['s] acts were not the proximate cause of the plaintiffs' injury." (Citation and punctuation omitted.) *Watson v. Marshall*, 212 Ga. App. 206, 208 (2) (441 SE2d 427) (1994).

4

In this case, GDOT presented evidence showing the absence of standing water at the time of the accident. Notably, photographs taken at the scene of the accident show no standing water on the roadway. The accident photographs were direct evidence that no standing water was present on the roadway. See OCGA § 24-1-1 (3) (2011) (direct evidence means evidence which immediately points to the question at issue); see also *Karwacki v. Ga. Dept. of Transp.*, 276 Ga. App. 628, 630 (624 SE2d 171) (2005) (officer's testimony as to road condition at the day of the collision constituted direct evidence).

> Where direct and positive testimony is presented on an issue, the opposing party must show some other fact which contradicts the testimony. If this other fact is direct evidence, that is sufficient to allow the case to go to the jury; if the other fact is circumstantial evidence, it must be inconsistent with the defendant's evidence, or if consistent, it must demand a finding of fact on the issue in favor of the plaintiff.

(Footnote omitted.) *Karwacki*, supra, 276 Ga. App. at 630.

The DeMarcos failed to present evidence contradicting the photographs. There is no testimony from any witness stating that there was standing or pooling water on the roadway. While Mr. DeMarco testified that the road was very wet due to heavy raining throughout the day, he did not remember seeing any standing water on the roadway at the time of the accident. The DeMarcos otherwise point to no direct

5

evidence refuting the evidence depicted in the photographs, and the circumstantial evidence in this case is consistent with the photographs. While both of the DeMarcos' experts opined that Esparza-Castillo lost control of his vehicle because he hydroplaned, neither expert indicated that Esparza-Castillo hydroplaned because of the presence of standing water caused by defects in the roadway. Indeed, both experts admitted that they had no knowledge of the amount of water on the roadway at the time of the accident. Moreover, Esparza-Castillo was cited for driving too fast under the conditions. The fact that Esparza-Castillo hydroplaned is consistent with the fact that it was raining heavily, and that he was driving too fast for those conditions. Evidence that Esparza-Castillo hydroplaned during a heavy rain, however, is not inconsistent with GDOT's direct evidence that there was no standing water on the roadway at that time.[2] See *Rosales v. Davis*, 260 Ga. App. 709, 712 (580 SE2d 662) (2003) ("Circumstantial evidence has no probative value to establish a fact where it is consistent with direct, unimpeached evidence showing the nonexistence of such fact.") (citation omitted). Since the record before this Court shows that there was no standing water on the road when Esparza-Castillo lost control of his vehicle, the jury

---

[2] It is worth noting that pictures taken by one of the DeMarcos' experts during a subsequent rainstorm also do not show the presence of standing water in the lane that Esparza-Castillo was traveling in before he struck Mr. DeMarco's vehicle.

could not draw an inference that the proximate cause of the accident was due to standing water. See *Johnson*, supra, 245 Ga. App. at 840 (ruling that GDOT was entitled to summary judgment where plaintiffs failed to present evidence supporting their claim that a vehicle lost control because of hydroplaning due to standing water). Accordingly, the trial court did not err in granting summary judgment to GDOT.

*Judgment affirmed. Ray and Branch, JJ., concur*.