72211. DAVIS et al. v. STONE MOUNTAIN MEMORIAL ASSOCIATION.
(347 SE2d 317)

BENHAM, Judge.

James and Joan Davis bring this appeal from a grant of summary judgment to appellee, Stone Mountain Memorial Association, in a personal injury action against appellee and Stone Mountain Game Ranch, Inc., as joint tortfeasors.

1. " 'There is no liability from ownership alone, [cits.], or from joint ownership, [cit.], or from cotenancy, [cit.]. It must appear that the injury resulted from a breach of some duty owed by the defendant to the injured party. [Cit.]' . . . The right to control must be established where the landowner is sought to be held liable for activities of a third person on the property with permission. Title ownership alone is not sufficient. 'Liability depends upon control, rather than ownership, of the premises.' [Cits.]" *Daniel v. Ga. Power Co.*, 146 Ga. App. 596, 600 (247 SE2d 139) (1978).

The basis of the suit was an injury suffered by Mrs. Davis when she slipped and fell while at a park amusement known as the Stone Mountain Game Ranch, Inc. Her husband's suit was based on loss of consortium, inter alia. It was undisputed that the game ranch operated its business under a lease from Stone Mountain Memorial Association, which gave the game ranch exclusive possession and control of the premises, which included the obligation to make repairs and improvements. However, appellant contends that since the contents of the lease were not made public, somehow liability should attach to Stone Mountain Memorial Association. Appellant cites no authority for this stance, and we find this position untenable and without precedent. Hence, this enumeration must fail.

2. Appellant contends that the trial court erred in granting summary judgment because the evidence showed an apparent principal-agent relationship. We find this position also untenable.

Appellant bottoms this contention on the fact that Stone Mountain Memorial Association advertised for the game ranch, sold books of tickets that included game ranch attractions, and its accounting office distributed a proportionate share of ticket proceeds to the game ranch. Under *Arrington &c. Ford v. Jinks*, 154 Ga. App. 785 (270 SE2d 27) (1980), appellant contends that this amounts to an apparent principal-agent relationship which would authorize a suit under the principal-agent provisions of OCGA § 51-2-1 (a). We find *Arrington &c. Ford* to be factually distinguishable from the case at bar. There the court found an apparent principal-agent relationship due to a course of conduct where the agent was an employee, distributed a business card, took customers on demonstration rides, possessed keys to the automobiles, and transacted business from the principal's premises. Such is not the case here where there is no evidence either through a course of conduct or statements, directly or indirectly, by Stone Mountain Memorial Association or Stone Mountain Game Ranch that a principal-agent relationship existed. Hence, the trial court was correct in granting summary judgment for Stone Mountain Memorial Association.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 24, 1986.

Ross M. Goddard, Jr., for appellants.
Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, J. Robert Coleman, Senior Assistant Attorney General, Daniel M. Formby, Assistant Attorney General, Edward W. McCrimmon, for appellee.