## A98A2179. PETERSON PROPERTIES CORPORATION v. FINCH.
### (508 SE2d 463)

Judge Harold R. Banke.

After Patricia E. Finch allegedly fell when an elevator mis-leveled, she sued both the elevator maintenance company, Otis Elevator Company ("Otis"), and the property management company, Peterson Properties Corporation ("Peterson"). Peterson appeals the denial of its motion for summary judgment.

The underlying case arose after Finch notified Peterson's property manager, Steve Quarles, that she had tripped while entering an elevator. Shortly thereafter, Quarles examined and operated the elevator at issue but found nothing wrong. Quarles then removed the elevator from service and immediately contacted Otis. When Otis conducted tests on the elevator, it was unable to detect any defect. Without performing any repairs, Otis placed the elevator back in service. Because Otis was under a maintenance contract for the elevators in the office building where Finch worked, it had inspected the elevators only 11 days before this incident. According to Otis' location manager, Otis did not receive any requests for service calls between the date of that last inspection and the date of Finch's unwitnessed fall.

From April 1991 until September 1996, Quarles served as the property manager for this building. Quarles testified, without contradiction, that before this incident in October 1994, no one had reported any prior elevator misalignment or malfunctioning problem to him. Quarles further testified that after this incident, there had been no complaints about the elevators. According to Quarles, he was not aware that state law (OCGA § 8-2-106 (a)) required reporting such incidents to the Safety & Engineering Division of the Department of Labor. No state inspection was performed regarding the incident.

In moving for summary judgment, Peterson argued that it lacked notice of any purported defect in the elevator and that Finch failed to exercise ordinary care for her own safety. Peterson appeals the denial of its motion. *Held*:

1. Peterson contends that it was entitled to summary judgment because Finch failed to prove that it had superior knowledge of the alleged hazard. We agree. Pretermitting any consideration of whether Finch failed to exercise reasonable care for her own safety, we find that Peterson was entitled to summary judgment because Finch failed to show that Peterson had superior knowledge of the purported danger. *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

It is well established that mechanical devices such as elevators occasionally get "out of working order" and sometimes become dan-

gerous and cause injury without negligence on anyone's part. *Ellis v. Sears Roebuck & Co.*, 193 Ga. App. 797, 798 (1) (388 SE2d 920) (1989). Even assuming without deciding that as the building manager, Peterson owed the same duty as a premises owner, a heightened duty of care, Peterson was not an ensurer of the safety of elevator passengers. *Lane v. Montgomery Elevator Co.*, 225 Ga. App. 523, 524-525 (1) (484 SE2d 249) (1997); see *Millar Elevator Svc. Co. v. O'Shields*, 222 Ga. App. 456, 458 (2) (475 SE2d 188) (1996) (common carriers owe duty of "extraordinary diligence"); accord *Ruben's Richmond Dept. Store v. Walker*, 227 Ga. App. 867, 868 (1) (490 SE2d 536) (1997).

Proof of the occurrence of a fall, even an elevator-related one, does not establish liability. *Gyles, Inc. v. Turner*, 184 Ga. App. 376, 377 (361 SE2d 538) (1987); see *Wilson v. Duncan*, 211 Ga. App. 814, 815 (440 SE2d 550) (1994). The true ground of liability is a defendant's superior knowledge of the defective condition. *Roberts v. Gardens Svcs.*, 182 Ga. App. 573, 574 (356 SE2d 669) (1987) (physical precedent only).

To avert summary judgment, Finch had to offer some evidence that Peterson knew or should have known of the purported misleveling hazard. See *Steele v. Rosehaven Chapel*, 233 Ga. App. 853, 855 (505 SE2d 245) (1998) (failure to satisfy either prong of the *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980), test warrants summary judgment). This Finch failed to do. Although Finch offered the affidavit of a fellow office worker who testified that she "tripped because the elevator was misaligned," that worker did not testify that she notified Peterson. Nor did this affidavit establish whether the co-worker fell before or after the date when Finch fell or even whether the fall involved the same elevator. This evidence fails to show that Peterson knew or should have known of the alleged misleveling problem even assuming arguendo that the elevator misleveled. Having pierced an essential element of Finch's prima facie case, Peterson was entitled to judgment as matter of law. *Robinson*, 268 Ga. at 748-749 (2) (b); OCGA § 9-11-56 (e).

2. Peterson contends that the trial court erred in finding that noncompliance with OCGA § 8-2-106 (a) created an adverse inference or rebuttable presumption of spoliation of evidence.

Although we offer no opinion concerning Peterson's alleged negligence in performing a duty required by state law, nevertheless, we conclude that even assuming that such a breach of duty occurred, it was not the proximate cause of Finch's injuries. *Walker v. MARTA*, 226 Ga. App. 793, 798 (2) (487 SE2d 498) (1997) (physical precedent only). See *Sharpnack v. Hoffinger Indus.*, 231 Ga. App. 829, 830 (499 SE2d 363) (1998) (summary judgment appropriate where plaintiff cannot establish a meaningful link between underlying claims and

alleged spoliation).

Finch's reliance on *Lane*, supra, is misplaced. In *Lane*, repair and maintenance records indicated the existence of prior leveling problems with the elevators. Compare id. at 523. Here, the record contains no such evidence. Moreover, in *Lane*, unlike here, the evidence suggested the possibility that the elevator maintenance company had negligently repaired and maintained the elevators, making the issue of possible spoliation of evidence material. Id. at 525 (1).

*Judgment reversed. Johnson, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 2, 1998.

*Shivers & Associates, Dan J. Colley*, for appellant.
*Thomas F. Jones*, for appellee.