S98G0868. DEPARTMENT OF TRANSPORTATION v. CANNADY.
(511 SE2d 173)

CARLEY, Justice.

On July 15, 1992, Ms. Adelle C. Cannady was injured when another car struck the vehicle in which she was a passenger. Ms. Cannady brought suit against the Department of Transportation (DOT), alleging that a proximate cause of the collision was negligent maintenance of the highway. DOT denied liability, contending that the sole proximate cause of the collision was the negligence of the other driver who was speeding in a vehicle equipped with defective tires. Prior to trial, DOT filed a motion in limine seeking to prohibit Ms. Cannady from introducing evidence that the superelevation and cross-slope of the road, as it originally was designed and constructed in 1931, had been deleted for cost reasons in a 1989 resurfacing project and was not restored until three weeks after the collision. The trial court denied the motion, and the evidence was admitted at trial. The jury returned a verdict in favor of Ms. Cannady and, in the appeal from the judgment entered on that verdict, DOT enumerated as error the admission of the evidence of its post-collision remedial actions. Citing *Medi-Clean Services v. Hill*, 144 Ga. App. 389, 393 (5) (241 SE2d 290) (1977), the Court of Appeals affirmed, concluding that

[t]he evidence that, after the collision, the superelevation and proper cross-slope were restored to the pre-1989 condition as called for under the 1931 design plans was relevant and material to show that the absence of such conditions was negligent maintenance and that the restoration was not a change in condition within the evidentiary rule.

*Department of Transp. v. Cannady*, 230 Ga. App. 585, 588 (1) (497 SE2d 72) (1998). We granted certiorari in order to address this holding of the Court of Appeals.

1. In a negligence case, evidence of subsequent remedial action is not admissible "for the purpose of showing that the defendant recognizes and admits his negligence. [Cit.]" *Brooks v. Cellin Mfg. Co.*, 251 Ga. 395, 397 (306 SE2d 657) (1983). The reason for the exclusion of such evidence "lies in sound public policy 'that men should be encouraged to improve, or repair, and not be deterred from it by the fear that if they do so their acts will be construed into an admission that they had been wrongdoers.' [Cit.]" *Studard v. Dept. of Transp.*, 219 Ga. App. 643, 644-645 (2) (466 SE2d 236) (1995). It is generally presumed that evidence of subsequent repairs is proffered by the plaintiff for the inadmissible purpose of showing that the defendant recognized and admitted his liability. *Brooks v. Cellin Mfg. Co.*, supra at 397. However, "'[s]uch testimony may, in proper circumstances, be admitted for other purposes . . .' and the jury instructed as to the purpose for which it is received. [Cit.]" *Brooks v. Cellin Mfg. Co*, supra at 397.

This is a negligence case in which DOT's liability was dependent in part upon whether, at the time of the collision, it had maintained the configuration of the highway in accordance with the generally accepted engineering and design standards which were in effect in 1931. See *Daniels v. Dept. of Transp.*, 222 Ga. App. 237, 238 (2) (474 SE2d 26) (1996). It is undisputed that, in 1989, the original superelevation and cross-slope were deliberately eliminated. Thus, the evidence which DOT sought to exclude constituted proof of a fundamental post-collision change in the actual configuration of the highway itself, and was not evidence that, after only a temporary deviation, the highway was restored to the condition which generally prevailed before the collision. Compare *Medi-Clean Services v. Hill,* supra at 393 (5) (safety guard on machinery removed temporarily for repair prior to injury and restored immediately afterwards). Accordingly, the Court of Appeals erred in holding that the evidence of this post-collision restoration of the original superelevation and cross-slope was admissible to show that the absence of such conditions at the time of the collision constituted negligent maintenance by DOT. Evidence of such post-injury remedial action is never admissible for the

purpose of showing the defendant's prior negligence. *Brooks v. Cellin Mfg. Co.*, supra. The evidence should have been excluded unless the plaintiff rebutted the presumption of inadmissibility, by showing that the evidence was relevant for some purpose other than the defendant's recognition and admission of its negligence in the 1989 change in the original configuration of the highway. See *Royals v. Ga. Peace Officer Standards & Training Council*, 222 Ga. App. 400 (474 SE2d 220) (1996).

2. Ms. Cannady contends that the evidence was properly admitted pursuant to several recognized exceptions to the general rule of inadmissibility, but DOT responds that no exception is applicable here. Even if the evidence of subsequent repairs should have been excluded as irrelevant, the trial court's erroneous evidentiary ruling does not require reversal unless DOT was harmed thereby. Considering the legal rationale for exclusion of the evidence, there would be no harm if DOT otherwise admitted its negligence in eliminating the original superelevation and cross-slope in 1989, and was not deterred from the restoration of those conditions. It appears that DOT, in effect, did admit its negligence by conceding that it had failed to maintain the highway in accordance with the original 1931 plans. See *Daniels v. Dept. of Transp.*, supra. The only disputed issue was whether DOT's negligence in that regard was a proximate cause of the collision or whether the sole proximate cause was the negligence of the driver of the other car. DOT was not deterred from returning the highway to its original condition, because the need for the repair work was undisputed and the delay was attributable only to a lack of funding. Under these circumstances, even if the evidence of subsequent repairs was erroneously admitted, the error was harmless because it had no negative impact on DOT's proximate cause defense to its liability for the negligent maintenance of the highway. Accordingly, even if the evidence was not admissible pursuant to certain exceptions to the general exclusionary rule, the judgment of the Court of Appeals must be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 19, 1999.

*Franklin, Taulbee, Rushing, Bunce & Brogdon, James B. Franklin, Daniel B. Snipes,* for appellant.

*Edenfield, Cox & Classens, Gerald M. Edenfield, Susan W. Cox,* for appellee.