## A02A2121. SUDDUTH v. YOUNG.
(579 SE2d 7)

BLACKBURN, Presiding Judge.

Genelle Sudduth appeals the trial court's order granting summary judgment to Frances Young in the underlying slip and fall case. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Wright v. JDN Structured Finance.*[1]

Viewed in this light, the record shows that, because of deteriorating health, Young hired Sudduth as an overnight sitter to assist her in her home. On March 3, 1999, Sudduth's third night of employment, Sudduth helped Young down the hallway to her bedroom as

---

[1] *Wright v. JDN Structured Finance*, 239 Ga. App. 685 (522 SE2d 4) (1999).

she had done on each of two previous nights.[2] Having helped Young into bed, she returned down the hallway to the bathroom. After using the bathroom, she continued down the hallway. As she turned to go into the den, she slipped and fell, injuring her elbow.

1. In her first two enumerations of error, Sudduth contends that the trial court erred in ruling that the evidence did not create questions of fact for the jury.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. Further, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).

(Citations and punctuation omitted.) *Hall v. Cracker Barrel &c.*[3]

In this case, Sudduth contends that her injuries were caused by "a dangerous condition: a hardwood floor which had been heavily waxed and was extremely slippery." She also asserts that Young knew or should have known about the existence of this dangerous condition in time to correct it or warn her of it.

Young, however, has pierced Sudduth's complaint by presenting evidence that no defective or dangerous condition existed that caused Sudduth to fall. Charles Young, a son of the appellee, testified that the hardwood oak floor had been in the house for almost 30 years at the time of Sudduth's fall, and that he did not warn Sudduth that the floor was slippery because it was not. He stated that: the hallway was

---

[2] Sudduth first stayed overnight with Young on February 27, 1999, and stayed a second night on March 1, 1999.

[3] *Hall v. Cracker Barrel &c.*, 223 Ga. App. 88, 89 (1) (476 SE2d 789) (1996).

not waxed often because it is pre-finished and does not need to be waxed often; it may have been waxed three months before Sudduth's accident; there was a fair amount of traffic in the hallway; he had been walking on the hallway floor for thirty years nearly every day in all kinds of shoes and had never known the floor to be slippery; and no one had ever slipped or fallen on the hallway floor prior to Sudduth's accident.

James Young, Young's other son, testified that he went to his mother's house on the day after Sudduth fell to see if there was something on the floor that would have caused Sudduth to slip. He carefully inspected the floor but found no water or excess wax on the floor. He also stated that, while an employee from his father's office had waxed and buffed the floor ten to twelve years ago, he was not aware of the floor's having been waxed in the past ten years. He testified further that he had walked on the floor for years and had never slipped, even after it had been freshly waxed, that he had never found the floor to be slippery, and that no one had ever slipped on the floor and fallen.

Louise Hall, a family friend who at one time had cared for Young, testified that Young did not wear any special shoes and had never fallen in the hallway. She also stated that she did not know of anyone who had ever slipped or fallen in the hallway. Hall testified that she did not believe the hallway to be excessively slippery, that it had not been heavily waxed, and that the last time it had been waxed was six months to a year before Sudduth fell.

Pretermitting whether or not a dangerous condition existed, "in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*[4] Further, in cases where the plaintiff alleges that she fell because of slippery wax that the defendant placed on the floor,

> the plaintiff may make out a cause of action by showing an act or omission on the part of the defendant which was the proximate cause of [her] injury and which could not have been avoided by the plaintiff through the exercise of ordinary care. The weight of authority in cases where the plaintiff slips and falls, allegedly due to the defendant's negligence in maintaining a highly waxed and slippery floor, is that "proof of nothing more than the occurrence of the fall is

---

[4] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997).

insufficient to establish the [defendant's] negligence." . . . Thus the plaintiff must, at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them.

(Citation omitted.) *Alterman Foods v. Ligon.*[5]

Besides showing that no dangerous condition existed, the deposition testimony of Hall, Charles Young, and James Young was also sufficient to pierce any allegations that Young was negligent either in the materials used to wax the floor or in their application. *Gross v. Frank's Warehouse Foods.*[6] For this reason, Sudduth "could not rest upon her case but had to set forth specific facts and present her case in full in order to show there was a genuine issue for trial." Id. This, with respect to either the existence of a dangerous condition or negligence on the part of Young, she failed to do.

Sudduth has also failed to present admissible evidence showing that Young had actual or constructive knowledge of the alleged hazard. In her efforts to establish the existence of a genuine issue of fact with regard to Young's knowledge of a dangerous condition, Sudduth submits certain affidavit and deposition evidence, but much of the this evidence cannot be considered since it is irrelevant, hearsay, or unsupported conclusions. *Kaylor v. Atwell*[7] (" '[i]t is well-established that all hearsay evidence, unsupported conclusions, and the like, must be stricken or eliminated from consideration in a motion for summary judgment' "). However, evidence of a telephone conversation Sudduth had with Young after her fall was admissible. Sudduth, in her deposition, testified as follows with regard to this telephone conversation:

Q. In your answers to interrogatories, you also indicate that Louise Hall called you shortly after the accident to see how you were doing, and you said Mrs. Young talked with you briefly regarding her condition. Do you mean Mrs. Young talked with you about how you were doing at that time?
A. She asked me how I was doing, yes.
Q. Did you understand Mrs. Young to be with Louise Hall when that phone call was made?
A. Yes.
Q. And so Mrs. Young asked you how you were doing and you say that she told you that you should have been wearing ugly shoes like she wore so you wouldn't slip on the floor?

[5] *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980).
[6] *Gross v. Frank's Warehouse Foods*, 192 Ga. App. 539, 540 (385 SE2d 688) (1989).
[7] *Kaylor v. Atwell*, 251 Ga. App. 270, 273 (2) (b) (553 SE2d 868) (2001).

A. Yes.

Q. Okay. What kind of shoes did she wear, other than ugly ones?

A. They were like tennis shoes or walking shoes.

Q. More flat, tie-up type shoes?

A. Yes.

Even if Sudduth had been able to present evidence of a dangerous condition of whose existence Young knew or should have known, Sudduth has failed to show that Young had superior knowledge of the alleged dangerous condition.

> In slip and fall cases in Georgia, this Court has held that the true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* and *not known to the person injured* that a recovery is permitted.

(Punctuation omitted.) *Hall*, supra at 91 (1).

In this case, the testimony was that Young was in poor health and could not move about her house without help. Her steps, therefore, would have been taken slowly while leaning on another for assistance. On the other hand, Sudduth had traversed the hallway numerous times during the three days she worked for Young before her fall, both for her own purposes and in assisting Young and seeing to it that she did not fall. Given her use of the hallway and her responsibility to see that Young did not fall while going down the hallway, it is clear that she was aware of the condition of the hallway and that her knowledge of the condition of the hallway was equal to Young's. In addition, the law is clear that "[w]hen a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." *Rossano v. American Legion Post No. 29.*[8]

Sudduth has failed to set forth specific facts that show that there were genuine issues of fact as to either Young's knowledge of the dangerous condition of the floor or whether that knowledge was superior to Sudduth's own. Accordingly, the trial court did not err in granting summary judgment to Young.

2. We have reviewed Sudduth's remaining enumerations of error and find them to be without merit.

---

[8] *Rossano v. American Legion Post No. 29*, 189 Ga. App. 610, 612 (3) (376 SE2d 698) (1988).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 4, 2003 —
RECONSIDERATION DENIED MARCH 4, 2003.

*Perkins & Perkins, Ann-Margaret Perkins,* for appellant.
*Swift, Currie, McGhee & Hiers, Lynn M. Roberson,* for appellee.