## A06A0807. BRYANT v. DIVYA, INC.
(628 SE2d 163)

BLACKBURN, Presiding Judge.

In this slip and fall action, plaintiff, Judith Bryant, appeals the trial court's order granting summary judgment to defendant, DIVYA, Inc. Because we discern no breach of duty, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the record shows Bryant and her companion checked into a motel room at a Sleep Inn owned by DIVYA just outside of Savannah. Before retiring for the evening, Bryant decided to take a shower. The shower at the Sleep Inn consisted of a stall, rather than a bathtub and shower head, with a safety bar on the back wall and several anti-skid strips on the floor. Bryant entered the stall before turning on the water, and although she did not notice the anti-skid strips at the time, she testified that the shower floor was dry and not slippery. In fact, she further testified that even turning on the water did not cause the shower floor to become slippery. After turning on the water, she began using the soap, which she stated caused the shower floor to become slippery. Consequently, Bryant slipped and fell, seriously injuring her right arm.

Bryant sued DIVYA, contending that her injury was caused by DIVYA's negligence in failing to install enough anti-skid strips to the shower floor, failing to properly position the existing anti-skid strips, and failing to properly position the shower's safety bar. She specifically argued that the anti-skid strips were not placed close enough together to prevent her from slipping and that the safety bar was useless because it was placed at the back of the shower where she could not reach it to prevent her fall. DIVYA moved for summary judgment, arguing that because no other patrons had ever been injured from slipping and falling in any of the motel's showers, it had no actual or constructive knowledge of any hazard associated with the showers. The trial court agreed and granted DIVYA summary judgment. This appeal followed.

In her sole enumeration of error, Bryant contends that the trial court erred in granting summary judgment to DIVYA on the ground that it could not be held liable where it had no knowledge of any

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

hazardous condition associated with the motel's showers. We disagree. An owner or occupier of land has a statutory duty to keep its approaches and premises in a reasonably safe condition for invitees.[2] "But an owner or occupier of land is not an insurer of the safety of its invitees." *Lee v. Food Lion.*[3] See *Pound v. Augusta Nat.*[4] Rather,

> [i]n premises liability cases, proof of a fall, without more, does not give rise to liability on the part of a proprietor. The true basis of a proprietor's liability for personal injury to an invitee is the *proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm.* Recovery is allowed only when the proprietor had knowledge and the invitee did not.

(Emphasis supplied.) *Emory Univ. v. Smith.*[5] See also *Christensen v. Overseas Partners Capital*;[6] *Pierce v. Wendy's Intl.*[7]

In this case, Bryant failed to demonstrate that the shower floor in DIVYA's motel presented any hazard whatsoever and thus summary judgment was properly granted. See *Sudduth v. Young*;[8] *Emory Univ.*, supra at 902. Bryant did not allege that any transient foreign substance on the shower floor caused her fall, other than the soap she herself used. She testified that the shower floor was not slippery when dry or even after she turned on the water. In addition, Bryant did not offer any expert testimony contending that the shower floor was hazardous, nor did she provide evidence that the shower violated safety codes. In fact, Bryant presented no competent evidence that the shower floor or bar was hazardous other than her fall and her and her companion's testimony that they believed the anti-skid strips and safety bar were inadequate. Mere speculation, however, is not enough to defeat summary judgment. See *Emory Univ.*, supra at 902; *Mansell v. Starr Enterprises/Texaco.*[9]

Moreover, even assuming arguendo that the shower floor in DIVYA's motel presented a hazardous condition, Bryant failed to show that DIVYA possessed superior knowledge of this potential harm. See *Emory Univ.*, supra at 901. Here, as previously mentioned, Bryant did not offer any evidence indicating that the shower violated

[2] OCGA § 51-3-1.

[3] *Lee v. Food Lion*, 243 Ga. App. 819, 820 (534 SE2d 507) (2000).

[4] *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167 (279 SE2d 342) (1981).

[5] *Emory Univ. v. Smith*, 260 Ga. App. 900, 901 (581 SE2d 405) (2003).

[6] *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827, 828 (549 SE2d 784) (2001).

[7] *Pierce v. Wendy's Intl.*, 233 Ga. App. 227, 230 (2) (504 SE2d 14) (1998).

[8] *Sudduth v. Young*, 260 Ga. App. 56, 58 (1) (579 SE2d 7) (2003).

[9] *Mansell v. Starr Enterprises/Texaco*, 256 Ga. App. 257, 259 (568 SE2d 145) (2002).

any safety codes and therefore could not establish DIVYA's negligence per se. See *Hubbard v. Dept. of Transp.*;[10] *Steele v. Rosehaven Chapel, Inc.*[11] Furthermore, DIVYA offered undisputed evidence that prior to Bryant's accident, it had never received any reports or complaints of guests slipping in the motel's showers. Thus, Bryant failed to show that DIVYA had superior knowledge of the alleged hazard. See *Sudduth*, supra; *Emory Univ.*, supra at 901-902; *Steele*, supra at 854-855. Accordingly, the trial court did not err in finding that DIVYA was entitled to summary judgment as a matter of law.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 7, 2006.

*Callaway, Braun, Riddle & Hughes, R. Kran Riddle*, for appellant.

*R. Stephen Sims*, for appellee.

---

[10] *Hubbard v. Dept. of Transp.*, 256 Ga. App. 342, 349-350 (3) (568 SE2d 559) (2002).

[11] *Steele v. Rosehaven Chapel, Inc.*, 233 Ga. App. 853, 854 (505 SE2d 245) (1998).