A07A1774. DIXON v. INFINITY BROADCASTING EAST, INC.
(656 SE2d 211)

SMITH, Presiding Judge.

In this premises liability action, plaintiff Shalanda Dixon appeals the trial court's grant of summary judgment in favor of defendant Infinity Broadcasting East, Inc. ("Infinity"). While the parties below focused on Dixon's alleged assumption of the risk of participating in a jump-rope contest, we need not reach that question. Dixon's allegations of premises liability are inapplicable to the only party against whom she has appealed, a mere licensee with no control over the condition of the premises. Moreover, she failed to show

---

superior knowledge of an alleged hazard on the part of Infinity. We therefore affirm the trial court's grant of Infinity's motion for summary judgment.

Dixon attended a conference on the premises of defendant Georgia World Congress Center (GWCC). The conference was sponsored by radio stations WAOK and WVEE, owned by Infinity. Because Dixon was planning to attend church afterward, she was wearing a suit and dress shoes with a one-inch heel. During the conference, a "double-Dutch" jump-rope contest was held on the stage. Dixon had jumped double-Dutch most of her life, at least a hundred times. After observing the contest for "about 20 minutes," Dixon stood in line behind "10 or 11" people to participate. She stated that she jumped rope for "between four and five times" before her foot caught in an "indention" of the stage, twisting her foot. Dixon looked at the stage more carefully after her fall and noticed that it was "not even." She also testified that her foot caught in a "metal strip" between the sections of the stage.

Dixon brought this action against GWCC and an unknown "John Doe Corporation," alleging that an irregularity in the stage floor caused her to trip and fall. Dixon later substituted Infinity as a defendant, alleging that it conducted the double-Dutch contest and failed to inspect the stage for defects, correct the defects, or warn her of them. Both GWCC and Infinity moved for summary judgment, and the trial court granted both motions. Dixon appeals only the judgment in favor of Infinity.

1. The "license agreement" between GWCC and Infinity provided that GWCC retained responsibility for the condition of the facilities. GWCC agreed to provide the premises "in compliance with all governmental requirements, including all fire, health and safety codes applicable to the Center in the condition in which the Center is made available," and retained the responsibility for repairs "within a reasonable time." According to GWCC's lead set-up supervisor, GWCC did in fact inspect the stage on a regular basis, most recently on the night before the jump-rope contest, and made adjustments to the stage at the request of a performer's road crew.

"There is no liability from ownership alone, or from joint ownership, or from cotenancy. It must appear that the injury resulted from a breach of some duty owed by the defendant to the injured party. . . . Liability depends upon control, rather than ownership, of the premises." (Citations and punctuation omitted.) *Davis v. Stone Mountain Mem. Assn.*, 179 Ga. App. 486, 487 (1) (347 SE2d 317) (1986). In *Davis*, a lease agreement gave a tenant "exclusive possession and control of the premises, which included the obligation to make repairs and improvements." Id. The owner therefore had no control over the premises and owed no duty to the plaintiff. Similarly, in *Bradford*

*Square Condo. Assn. v. Miller,* 258 Ga. App. 240, 248 (1) (a) (573 SE2d 405) (2002), a condominium association owed no duty to the plaintiff with respect to security of the premises because it had contractually agreed that it had no obligation to provide security. See also *Housing Auth. of Atlanta v. Famble,* 170 Ga. App. 509, 522 (317 SE2d 853) (1984) (no control of nonowned premises by adjoining landowner where no contractual arrangement with owner to maintain or repair, even though landowner actually maintained premises).

Here, Infinity was not a tenant or co-owner, but merely a licensee with permission to use GWCC's premises. By the terms of its license agreement it had no responsibility for repair; GWCC retained and in fact fulfilled its responsibility by inspecting and repairing the stage on a regular basis and as recently as the night before the incident. Under these circumstances, Infinity owed no duty to Dixon with respect to the condition of the premises.

2. Even assuming for the purposes of argument that Dixon had established the existence of a duty owed to her by Infinity, Dixon also failed to show superior knowledge of the alleged hazard on the part of Infinity.

> The mere showing of the occurrence of an injury does not create a presumption of negligence. Rather the true ground of liability is the owner or occupier's superior knowledge of the hazard and the danger therefrom. In order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

(Citations and punctuation omitted.) *Haskins v. Piggly Wiggly Southern,* 230 Ga. App. 350, 351 (496 SE2d 471) (1998). In *Haskins,* we noted that the plaintiff failed to show how long the hazard had been present or that employees were in the area and could have noted the hazard, which the plaintiff acknowledged was difficult to see. Id. at 351-352. Here, Dixon similarly failed to show that an employee of Infinity was in the area of the stage or could have seen any alleged defect, while she herself stood and observed the stage for approximately half an hour but failed to notice that it was "not even" until after the incident.

According to GWCC's lead set-up supervisor, no other patron had ever been injured because of an indentation or other hazard on the stage in the approximately two years GWCC had owned the stage, nor had there been any other complaint about the safety or structure of

the stage. And Dixon failed to present any expert or other testimony regarding the exact nature of the alleged defect in the stage, or how or when it may have occurred. In *Bryant v. DIVYA, Inc.*, 278 Ga. App. 101 (628 SE2d 163) (2006), we affirmed the grant of summary judgment when a plaintiff failed to offer any expert testimony that a shower in which she fell was hazardous or violated safety codes, offering only her personal speculation that the anti-slip strips were inadequate. Noting that "[m]ere speculation, however, is not enough to defeat summary judgment," id. at 102, we also held that the plaintiff failed to show superior knowledge of the potential harm in the face of the owner's undisputed evidence that it had never received any reports or complaints prior to the incident at issue. Id. at 103. See also *Peterson Properties Corp. v. Finch*, 235 Ga. App. 86, 87 (1) (508 SE2d 463) (1998) (assuming property manager owed same duty as owner, plaintiff failed to show superior knowledge when elevator inspected shortly before incident and no evidence of any earlier problems).

Either of these grounds amply supports the grant of summary judgment, without considering the question of whether Dixon assumed the risk of falling by participating in a jump-rope contest in a suit and dress shoes. "An order granting summary judgment that is right for any reason will be affirmed on appeal. [Cit.]" *Daniel Mill, LLC v. Lyons*, 283 Ga. App. 604, 608 (2) (642 SE2d 226) (2007).

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED DECEMBER 20, 2007.

*Donald W. Singleton*, for appellant.

*Owen, Gleaton, Egan, Jones & Sweeney, Melana Kopman, Shivers & Associates, Adrian Britt*, for appellee.