A07A2109. HENSON v. GEORGIA-PACIFIC CORPORATION.
(658 SE2d 391)

BERNES, Judge.

After injuring his fingers on freight elevator doors, Needham Henson brought this tort action against the premises owner, Georgia-Pacific Corporation, alleging negligent maintenance and breach of the duty to warn. Georgia-Pacific moved for summary judgment, which the trial court granted. This appeal followed. For the reasons set forth below, we affirm.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by

---

reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. Our review of the grant of summary judgment is de novo, and we construe the evidence and all inferences therefrom in favor of the nonmoving party.

(Citations and punctuation omitted.) *Miller v. Ford Motor Co.*, 287 Ga. App. 642, 643 (1) (653 SE2d 82) (2007). See also *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

So viewed, the record reflects that the freight elevator in question was located at the Georgia-Pacific plant in Cedar Springs. The freight elevator had exterior and interior doors. Only the exterior doors are relevant to this case. The two exterior doors were integrated into the first floor of the plant and did not ascend or descend with the elevator itself. The two doors operated in tandem — as one door descended from the ceiling, the other door ascended from the floor, with the two doors coming together in the middle. In order to close the doors, a passenger had to manually pull on a strap attached to the top door of the elevator.

At the time of the freight elevator accident, Henson was working for an independent contractor who was repairing the boiler system at the Georgia-Pacific plant. While on the ground floor, Henson was about to assist in loading equipment onto a truck. Henson was instructed by his employer, however, to first go to the second floor of the plant and retrieve a safety belt he had left behind. Henson then proceeded to the freight elevator and got inside. No one else was on the elevator. Using his right hand, Henson reached up, grabbed the strap attached to the top door, and pulled down on it applying "very little" weight. As he pulled on the strap, Henson was looking over to the left at the elevator control panel. According to Henson, the elevator doors then closed "so fast" that two fingers on his right hand got smashed between the two doors as the doors came together. There were no other witnesses to the incident.

Henson subsequently commenced this premises liability action against Georgia-Pacific, contending that Georgia-Pacific had negligently maintained the elevator doors and breached its duty to warn of the defective condition of the doors. Georgia-Pacific moved for summary judgment, contending that Henson failed to show any defect in the safety or structure of the elevator doors, or that Georgia-Pacific had actual or constructive notice of any alleged defect. After hearing oral argument, the trial court granted summary judgment to Georgia-Pacific.

1. On appeal, Henson contends that the trial court erred in granting summary judgment to Georgia-Pacific because there was a genuine issue of material fact over whether Georgia-Pacific was negligent in failing to repair or warn about the defective condition of the freight elevator. We disagree.

In premises liability cases, a plaintiff must show that a hazardous condition existed and that the premises owner had superior knowledge of the hazard. *Emory Univ. v. Smith*, 260 Ga. App. 900, 902 (581 SE2d 405) (2003).[1] It is not sufficient to simply show that an unfortunate event occurred and the plaintiff was injured. *Wilkerson v. Alexander*, 208 Ga. App. 83, 85 (1) (429 SE2d 685) (1993).

Mindful of these principles, we conclude that summary judgment was appropriate because Henson failed to present any competent evidence that the elevator doors were in a hazardous or defective condition at the time of his injury. See *Dixon v. Infinity Broadcasting East*, 289 Ga. App. 71, 73 (2) (656 SE2d 211) (2007); *Bryant v. DIVYA, Inc.*, 278 Ga. App. 101, 102 (628 SE2d 163) (2006). In his response to Georgia-Pacific's summary judgment motion, Henson asserted that the elevator doors were hazardous and defective because they did not have proper counterweights and they lacked rubber or other guards on the edge of the doors to protect passengers' hands from injury. Henson, however, failed to offer any expert testimony to support these assertions, nor did he provide evidence that the condition of the doors violated any safety codes. Instead, Henson relied on his own deposition testimony in which he stated his belief that the counterweights on the elevator doors were "too loose," but such testimony was nothing more than mere "personal speculation" that could not defeat summary judgment. *Dixon*, 289 Ga. App. at 74 (2). See also *Miller*, 287 Ga. App. at 644 (1); *Bryant*, 278 Ga. App. at 102.

Henson also relied on several "On-Line History Reports" purportedly generated by the elevator maintenance company that serviced the freight elevator before and after the accident. According to Henson, the reports show that the elevator doors had defective counterweights and thus rendered summary judgment inappropriate. We are unpersuaded because Henson failed to prove that the reports fell within the business records exception to the rule against hearsay evidence. Under that exception,

---

[1] The parties dispute whether Georgia-Pacific owed a duty of ordinary care or one of extraordinary care to Henson, since the elevator was in a building not open to the public. See, e.g., *Brady v. Elevator Specialists*, 287 Ga. App. 304, 307 (2) (653 SE2d 59) (2007) (noting that building owner "owe[d] a duty of extraordinary diligence to elevator passengers and [could] not delegate this duty to an independent contractor engaged to repair the elevator") (punctuation and footnote omitted). Given our conclusion that Henson has failed to show that the elevator doors were defective, we need not address or resolve this issue.

[a]ny writing or record, made as a memorandum or record of any transaction shall be admissible in evidence in proof of the transaction, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the transaction, or within a reasonable time thereafter.

(Citation and punctuation omitted.) *Crawford v. Dammann*, 277 Ga. App. 442, 448 (2) (626 SE2d 632) (2006). See OCGA § 24-3-14 (b). During his deposition, the service technician from the elevator maintenance company was questioned about the reports. The technician, however, was unfamiliar with the reports and "did not testify that the [reports] were made in the regular course of . . . business at the time of the underlying transaction or within a reasonable time thereafter." (Punctuation omitted.) *Crawford*, 277 Ga. App. at 448 (2). The reports, therefore, were inadmissible hearsay and could not be considered as evidence in evaluating the motion for summary judgment. See *Valentin v. Six Flags Over Ga.*, 286 Ga. App. 508, 511-512 (649 SE2d 809) (2007).[2]

Finally, Henson relied upon evidence that Georgia-Pacific modified the elevator doors after the accident to add rubber guards to the edge of the doors and to install warning signs to support his claim that the doors were defective. But,

[e]vidence of subsequent remedial measures generally is inadmissible in negligence actions, because the admission of such evidence basically conflicts with the public policy of encouraging safety through remedial action, for the instituting of remedial safety measures might be discouraged if such conduct is admissible as evidence of negligence.

---

[2] It is true that Georgia-Pacific produced the reports in response to Henson's request for production of documents, and that the production of documents during discovery, combined with other circumstantial evidence, can serve to authenticate documents. See *Davis v. First Healthcare Corp.*, 234 Ga. App. 744, 746-748 (1) (507 SE2d 563) (1998). Nevertheless, even if the reports could be authenticated circumstantially, Henson still was required to show that the reports fit within a hearsay exception before they could be considered as substantive evidence supporting his claim. See *Salinas v. Skelton*, 249 Ga. App. 217, 221 (1) (547 SE2d 289) (2001) (concluding that document had been authenticated circumstantially but going on to address separately whether document was inadmissible hearsay); *Davis*, 234 Ga. App. at 746-748 (1) (same). See also *City of Atlanta v. Atlanta Tile & Trust Co.*, 45 Ga. App. 265, 268 (164 SE 224) (1932) ("The fact that the paper may have been drawn from the possession of counsel for the defendant would dispense only with the necessity of proving execution, and would not render it admissible in evidence over the objection that it was hearsay and without probative value.").

(Footnote omitted.) *Wynn v. City of Warner Robins*, 279 Ga. App. 42, 49 (4) (630 SE2d 574) (2006). Accordingly, a plaintiff cannot introduce evidence of subsequent remedial measures for the "purpose of showing that the defendant recognized and admitted his liability." *Dept. of Transp. v. Cannady*, 270 Ga. 427, 428 (1) (511 SE2d 173) (1999). Here, Henson has failed to demonstrate that the evidence at issue was relevant for some purpose other than to show that Georgia-Pacific recognized and admitted its liability, and so Henson failed to rebut the presumption of inadmissibility applicable in this context. See id. at 429 (1).

For these combined reasons, we conclude that Henson failed to come forward with evidence creating a genuine issue of material fact over whether the elevator doors were defective and in a hazardous condition at the time of his injury. The trial court thus committed no error in granting summary judgment to Georgia-Pacific on the negligent maintenance and duty to warn claims. See *Dixon*, 289 Ga. App. at 74 (2); *Bryant*, 278 Ga. App. at 102.

2. Henson separately argues that the trial court erred in granting summary judgment to Georgia-Pacific because of alleged evidence of spoliation. Again, we disagree.

Under OCGA § 8-2-106 (c), once an elevator accident has occurred, a defendant building owner should not repair, alter, or place back in service the elevator prior to the time a state inspector has had an opportunity to inspect it. See *Lane v. Montgomery Elevator Co.*, 225 Ga. App. 523, 525-527 (1) (484 SE2d 249) (1997). If the plaintiff proves that the statutory provision has been violated, it serves as evidence of spoliation and creates a rebuttable presumption that the evidence garnered from a state inspection would have favored the plaintiff. See id. at 525 (1). In some cases, this proof of spoilation can render the grant of summary judgment to the defendant inappropriate. See id. at 525-527 (1). Compare *Peterson Properties Corp. v. Finch*, 235 Ga. App. 86, 87-88 (2) (508 SE2d 463) (1998) (although there was evidence that the defendant failed to comply with OCGA § 8-2-106 (c), summary judgment nevertheless was appropriate when there was no evidence that defendant had actual or constructive knowledge of the alleged hazard).

In the present case, Henson failed to present sufficient proof that Georgia-Pacific was in violation of OCGA § 8-2-106 (c). The record is simply silent, one way or the other, as to whether a state inspector ever inspected the freight elevator at issue after the accident. Given the absence of evidence on this issue, Henson did not carry his burden of proving spoliation. Compare *Lane*, 225 Ga. App. at 525-527 (1).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 27, 2008.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Christopher D. Britt, Martha W. Williams*, for appellant.
*Alan L. Newman*, for appellee.